NATIONAL BANK OF ATHENS *v.* CARLTON, and *vice versa.*

1. If a married woman conveyed land to her son for the purpose of enabling him to pledge it to a third person as security for a debt due, or to become due, to that person by the son, and this was a mere colorable transaction growing out of a scheme suggested by the creditor in order to make her in fact a surety for the son's debt, although she did not become nominally bound therefor, the transaction was, as to her, contrary to law and void. If, on the other hand, there was no element of suretyship in the transaction, and the mother deliberately conveyed the land to the son simply to enable him to secure thereby his own debt, she was bound by her deed.

2. If subsequently the same creditor made another loan to the son without taking from him any note or other evidence of indebtedness for the same, and the mother gave to the creditor her own note for the amount of this loan, securing the same by a conveyance of other realty, and if this transaction, like that indicated in the preceding note, was only colorable, and embraced a scheme similar to that there mentioned, it also was void as to the mother; but not void if she voluntarily borrowed the money on her own credit and on the faith of her own property, the son not being bound for the payment of the same, even though a portion or the whole of the money thus borrowed was paid upon the pre-existing debt of the son.

3. Although the defendant in an action brought in a city court might, in that court, avail herself of a defense which would defeat a recovery by the plaintiff, yet where, in order to enable her to obtain complete affirmative equitable relief as to all the matters involved in the litigation between herself and the plaintiff growing directly out of that action, it was essential to invoke the powers of a court exercising full equitable jurisdiction, and which alone could constitutionally grant relief of this character, the action in the city court should be enjoined, and the entire controversy adjusted in the superior court; the more especially when in that court other matters of controversy between these same parties, to some extent connected with the litigation in the city court, could at the same time be also adjudicated and settled.

July 29, 1895.

Petition for injunction. Before Judge HUTCHINS. Clarke county. March 13, 1895.

JOHN J. STRICKLAND and ERWIN & COBB, for the bank. WILLIAM S. BASINGER, *contra.*

LUMPKIN, Justice.

An equitable petition was filed by Mrs. Carlton against the National Bank of Athens, seeking to enjoin the sale of a tract of land under an execution in favor of the bank against R. G. Taylor, her son; as well as to stay the further proceeding of a suit upon a promissory note instituted by the bank against her in the city court of Athens; and praying the cancellation of a deed to certain realty in Athens, which deed had been executed by her in order to secure the payment of that note. At the interlocutory hearing, the judge granted the first prayer for an injunction, but denied the second. Both parties excepted.

When the case comes on for a final hearing, its determination will depend almost entirely upon questions of fact, as to which the record shows that the parties are seriously at variance. This being so, it is on general principles proper, if it can be rightly done, to preserve the existing status until the case can be tried on its merits. This has been accomplished by the judgment we have rendered, in which the granting of the injunction against the bank as to the first branch of the case is affirmed, and the refusal of the injunction as to the other branch thereof is reversed.

We will now briefly discuss the legal questions involved, without undertaking to set forth the complicated state of facts disclosed by the record.

1. Every person of even limited acquaintance with the laws of this State fully understands that any contract of suretyship, no matter what may be its form, when entered into by a married woman, is absolutely void.

There is nothing, however, in our law, preventing a mother, though married, from giving to her son property owned by her, if she chooses to do so ; and it is her undoubted right to voluntarily and deliberately convey land to him for the purpose of enabling him, by a conveyance thereof, to secure the payment of his debts ; and if she does this without herself becoming in any manner liable for the payment of such debts, she is unquestionably bound by her deed to the son. On the other hand, if such a deed from a mother (while married) to her son is not what it purports to be, but a mere colorable transaction growing out of a scheme suggested by the creditor in order to make the mother in fact a surety for her son's debt, although she does not become nominally bound for its payment, the transaction is contrary to law and void, being in its last analysis a contract of suretyship only.

There was in the present case a serious matter of dispute between the bank and Mrs. Carlton, as to whether or not a deed by which she had conveyed to her son, R. G. Taylor, the property which the bank was proceeding to sell under its execution against Taylor, was freely and voluntarily made by her for the purpose of enabling her son by his deed to pledge the land as his own property to the bank as security for an existing debt due to it by him, or whether the whole transaction was only colorable and intended to circumvent the law forbidding married women from becoming sureties for the debts of other persons. This is one of the questions which will have to be contested before the jury; and the judge, under all the facts before him, was right in staying the progress of the execution until these issues of fact shall have been settled by a verdict.

2. It is unquestionably true that although the signature of a person may appear upon a promissory note ostensibly as that of its sole maker, yet in point of fact,

by virtue of an understanding between himself and the payee thereof, his true relation to the note may be no more than that of a surety for the debt of another. It is well known that transactions of this kind are some-times entered into for the purpose of evading the law which invalidates contracts made by married women in which they become sureties for other persons.

Mrs. Carlton made and delivered to the bank her own promissory note, and secured its payment by a deed to certain city property. Her contention is, that this was done merely for the purpose of enabling her, in an indirect manner, to become surety for a loan made by the bank to her son; and that the entire transaction, evidenced in part by the note and deed, was only colorable, and entered into for the purpose stated. If all this be true, both the note and the deed are void.

The bank contended, on the other hand, that this note was given for a loan actually made to Mrs. Carlton herself; that it had expressly refused to extend credit to her son; and accordingly, that the debt evidenced by the note was the debt of herself alone. If this contention is the truth of the matter, both the note and the deed are valid and binding upon Mrs. Carlton, and this is so even if she borrowed the money from the bank for the express purpose of paying a portion or the whole of it upon a then existing debt of her son. She had a perfect right, and it was undoubtedly legal for her, to borrow money for the purpose of paying any debt due by her son, and to use the money for this purpose, if she saw proper.

Here, again, are questions of fact to be contested between the bank and Mrs. Carlton before the jury. The law of the case as to both branches of the pending litigation, is as above stated, and what we now rule is in exact harmony with the decision of this court in *McCrory v. Grandy & Son*, 92 *Ga.* 319, which was a carefully considered case.

3. The action brought by the bank against Mrs. Carlton in the city court was upon the note to which reference has just been made. If her theory as to the purpose for which this note was made and delivered be true, she could undoubtedly defeat the plaintiff's recovery upon the note in the city court. But conceding that theory to be true, she is unquestionably entitled to other and further affirmative equitable relief which the city court has no power or jurisdiction to grant. We mean to say, that if her deed to the bank is void, she is entitled to a decree for its cancellation as a cloud upon her title. There certainly can be no doubt that this is true, and it cannot be contended that the city court of Athens can lawfully grant such a decree. The cancellation of a deed is a matter purely and exclusively within the power of a court exercising full and unrestricted equitable jurisdiction. The only court of this kind in Georgia is the superior court, and no other court of like powers could be constitutionally created.

In her petition Mrs. Carlton prayed specifically for the identical equitable relief which has just been indicated, and also for equitable relief in other matters to some extent connected with the litigation between herself and the bank. We therefore think the proper and only place for the full, final and complete adjustment of the entire controversy between these parties is the superior court. It is not enough that Mrs. Carlton might obtain in the city court a mere general judgment in her favor in the suit there pending. She ought, if the facts are as alleged in her equitable petition, to have all the matters in dispute between herself and the bank, growing out of the transactions upon which the note is based, wound up and disposed of in one decree.

We are not disposed to lay down any rule unnecessarily limiting or curtailing the jurisdiction of the city court; but we are compelled to hold, that in a case de-

manding affirmative equitable relief—which the city court cannot lawfully or constitutionally administer—the litigation had better be transferred to a court competent to grant the full relief demanded. We do not mean to hold that defenses of an equitable nature may never be set up and maintained in a city court. Indeed, no reason now occurs to us why such defenses may not frequently be made available in that court, when they are of such nature as not to render it necessary for the court to attempt the exercise of those larger equitable powers which belong exclusively to the superior court.

We think, for the reasons above stated, that the judge ought to have enjoined the further progress of the bank's action in the city court.

*Judgment on main bill of exceptions, affirmed.*
*On cross-bill, reversed.*