## CARLTON *v.* NATIONAL BANK OF ATHENS.

1. The principles of law governing this case having been settled when it was here before ( 96 *Ga.* 469 ), and the court having charged the jury in ac-cordance therewith, and the jury having upon sufficient evidence ren-dered a verdict for the defendant, there is no legal reason why the verdict should be disturbed.

2. Where a petition alleged that certain conveyances were made and executed by the petitioner, a married woman, as securities for the debt of her son, and that they were made in pursuance of a scheme suggested by the defendant for the purpose of evading the law prohibiting married women from becoming sureties, and were therefore void; and the evidence for the petitioner tended to show that such a scheme had been suggested by the defendant, while the evidence on the other side tended to show that the defendant had not suggested or participated in such a scheme, there was no error in restricting the jury, in passing upon the question of suretyship or no suretyship, to a consideration of the allegations made in the petition and of the evidence pro and con with reference to the same.

Argued April 16, — Decided June 9, 1897.

Equitable petition. Before Judge Hutchins. Clarke superior court. April term, 1896.

*W. S. Basinger*, *H. T. Lewis* and *Calvin George*, for plaintiff. *Erwin & Erwin* and *John J. Strickland*, for defendant.

SIMMONS, C. J. 1. This case was here before, and will be found reported in the 96 *Ga.* 469. The principles which we think controlling on the issues involved were there laid down; and upon the subsequent trial in the court below the charge of the court was in accordance therewith. The jury returned a verdict for the defendant, the National Bank of Athens, upon evidence amply sufficient to support it. After a careful consideration of the seventeen grounds of the original and amended motions for a new trial, we think that they are not well founded. There was no error committed in the admission or rejection of evidence, in so far as complaint thereof is made. The requests to charge were, where sound and applicable to the case as made by the pleadings and the evidence, covered by the charge as given. There was, therefore, no error in the refusal of the trial judge to grant a new trial.

2. The portions of the charge of which complaint is made are, as above stated, in accordance with the principles laid down by this court when the case was here before. Two of the grounds of the amended motion for a new trial, which require special consideration, are as follows:

"3. Because the judge erred in charging the jury, upon the subject of the contract concerning the Athens property, as follows: 'If the note and deed given by Mrs. Carlton to the

bank was understood between her and the bank officer to be given and held by the bank against her as surety for Taylor, then she is not bound; while, if it was not so understood, but is in fact what it is presumed from the note and deed to be, her own debt, then she is bound by it.' The error being, that the said charge tended to mislead the jury into the belief that Mrs. Carlton was free from liability on said note and deed only if there was an understanding between herself and the bank that she became only a surety thereby; and not free from liability if there was no such understanding, even though she may in fact have become only a surety thereby."

"4. Because the judge erred in charging the jury, upon the subject of the contract affecting the Morgan county property, as follows: 'If you find, under the law as given you in charge, that the deed to the Morgan county land was made by Mrs. Carlton to Taylor in pursuance of a scheme suggested by the officer of the bank, whereby she should become surety for Taylor to the bank, and to evade the law against a married woman making a contract of suretyship, then you should find that deed void, and that the sale of the land under the fi. fa. in favor of the bank against Taylor be perpetually enjoined. If, on the other hand, you find that Mrs. Carlton, not upon the suggestion of a scheme by the officer of the bank made to obtain her as surety for her son, voluntarily, upon the request of her son, conveyed the title to him, not to become security but to enable him to secure a debt that he owed the bank, or to obtain credit or indulgence or other benefit given him, and the bank took the deed under the rules stated, then Mrs. Carlton is bound by her deed and your verdict should be for the defendant as to that issue.' The error being, that the said charge tended to mislead the jury into the belief that the said deed was void and Mrs. Carlton free from liability therefor only if it was made in pursuance of a scheme to make her surety suggested by the officer of the bank; and that the deed was valid, and Mrs. Carlton liable, if there was no such suggestion from the officer of the bank, even though she may in fact have made it for the sole purpose of becoming surety thereby."

The charge, as given, is not, for the reasons alleged in this ground of the motion, erroneous.

The petition alleged that the conveyances in question were made and executed by Mrs. Carlton as surety for the debts of her son, in pursuance of a scheme suggested by an agent of the bank, for the purpose of evading the law which prohibits a married woman's becoming surety, and that there was an understanding between Mrs. Carlton and the agent of the bank that she was to be surety only for the debts of her son. The answer of the bank denied any such understanding, scheme or suggestion of a scheme. The evidence introduced by the one side tended to show that an agent of the bank had suggested such a scheme; that introduced by the other, that the agents of the bank had not suggested or participated in any such scheme. From the evidence the jury could have believed that the bank was party to the scheme whereby Mrs. Carlton sought to evade the law relating to the suretyship of married women, and that it was understood between her and the bank officer that she was surety for her son; or they could have believed from the evidence that the bank's part in the transactions had been entirely bona fide. If the evidence of the plaintiff, tending to prove an understanding between the bank's agent and Mrs. Carlton and the suggestion by such agent of the scheme alleged, be rejected as untrue, there was no evidence of notice to the bank in any other way, or of knowledge on the part of the bank officials derived from any other source, and therefore no evidence to support a finding other than that the bank acted innocently with regard to the whole matter. This being true, we think that there was no error in confining the charge to the issues made, and restricting the jury, in passing upon the question of suretyship or no suretyship, to a consideration of the allegations made in the petition of the plaintiff and of the evidence pro et con with reference to the same.

When a plaintiff in his declaration sets out plainly and distinctly his cause of action and undertakes to support it by evidence, and the defendant in his answer denies the allegations made in the declaration and undertakes to support the denial by evidence, and the issue so joined is the only issue on trial,

it is not reversible error for the trial judge to fail or neglect to instruct the jury upon a theory other than that made in the pleadings and by the evidence.

*Judgment affirmed. All the Justices concurring, except Cobb, J., disqualified.*