## BRASWELL *v.* FEDERAL LAND BANK OF COLUMBIA.

1. That portion of the defendant's plea which sets up fraud on the part of named individuals inducing her to execute deeds to her husband is insufficient to constitute a defense to the action. The facts alleged do not show fraud.

2. It was error to strike, on demurrer, that portion of the answer which alleged that the wife's deed was void because no order of the superior court had been obtained to authorize the transaction.

3. "A married woman may borrow money for the purpose of paying debts of her husband, and give her note and mortgage therefor, and such a contract will be binding upon her, although the lender may know, at the time the loan is made, that she is borrowing it for this purpose, if he is not the husband's creditor who is to be thus paid, and is no party to any arrangement or scheme between the husband and wife of which the borrowing of the money by her for such purpose is the outcome. *Chastain* v. *Peek,* 111 *Ga.* 889 (36 S. E. 967); *Rood* v. *Wright,* 124 *Ga.* 849 (53 S. E. 390); *Ginsberg* v. *Peoples Bank of Savannah,* 145 *Ga.* 815 (89 S. E. 1086)." *Garrett* v. *Thornton,* 157 *Ga.* 487 (3) (121 S. E. 820); *Temples* v. *Equitable Mortgage Co.,* 100 *Ga.* 503 (28 S. E. 232, 62 Am. St. R. 326); *Nelms* v. *Keller,* 103 *Ga.* 745 (30 S. E. 572); *Johnson* v. *Leffler Co.,* 122 *Ga.* 670 (50 S. E. 488); *Jackson* v. *Reeves,* 156 *Ga.* 802 (120 S. E. 541).

4. "A husband and wife may legally enter into a joint contract or undertaking the consideration of which passes to them jointly, and in that event the wife will be bound. *Schofield* v. *Jones,* 85 *Ga.* 816 [11 S. E. 1032]." *Hill* v. *Cooley,* 112 *Ga.* 115, 116 (37 S. E. 109); *McCrory* v. *Grandy,* 92 *Ga.* 319 (18 S. E. 65); *Gross* v. *Whitely,* 128 *Ga.* 79, 82 (57 S. E. 94); *Vizard* v. *Moody,* 119 *Ga.* 918 (47 S. E. 348).

---

Appeal and Error, 3 C. J. p. 1330, n. 44.

Husband and Wife, 30 C. J. p. 725, n. 44; p. 801, n. 75; p. 882, n. 38, 41; p. 886, n. 4; p. 892, n. 96; p. 893, n. 98; p. 1010, n. 65; p. 1014, n. 45.

Pleading, 31 Cyc. p. 333, n. 76; p. 636, n. 99.

5. "The wife is a feme sole as to her separate estate, unless controlled by the settlement. Every restriction upon her power in it must be complied with; but while the wife may contract, she can not bind her separate estate by any contract of suretyship, nor by any assumption of the debts of her husband, and any sale of her separate estate, made to a creditor of her husband in extinguishment of his debts, shall be absolutely void." Civil Code (1910), § 3007; Constitution of Georgia, article 3, section 11, paragraph 1, Civil Code (1910), § 6456; *Ulman &c. Co.* v. *Magill*, 155 *Ga.* 555 (117 S. E. 657). The allegations of the answer, which must be taken as true on demurrer, show that the real purpose of the loan contract was to borrow money from plaintiff with which to pay the debts of the husband, and that the wife signed and executed a contract as surety with notice on the part of the lender. Accordingly, the wife was entitled to submit this issue to the jury; and the court erred in dismissing the answer setting up such defense.

6. The above rulings dispose of all of the issues made by the assignments of error. Other principles discussed only in the brief of counsel present no question for decision. The Civil Code (1910), § 6203, declares: "The Supreme Court shall not decide any question unless it is made by a special assignment of error in the bill of exceptions, and shall decide any question made by a specific assignment of error in the bill of exceptions."

No. 5742.    OCTOBER 15, 1927.

Complaint. Before Judge Hardeman. Emanuel superior court. October 19, 1926.

*Alfred Herrington Jr.,* for plaintiff in error.

*Price, Spivey & Edenfield,* contra.

GILBERT, J. The Federal Land Bank of Columbia sued A. G. Braswell and Vannie L. Braswell, joint makers of a promissory note for $7000, and the Swainsboro National Farm Loan Association as indorser thereon. The petition alleged that the note was secured by deeds to lands owned jointly by the makers. Vannie L. Braswell alone answered, denying liability. She admitted execution of the note and deed, but denied that she had received any of the money loaned by the bank for which the note and security deed were executed; and alleged that the debt was that of A. G. Braswell, her husband, and not hers, and that she was merely a surety for her husband and as such could not be held liable. She also alleged that her execution of the note and security deed was the result of a fraud perpetrated upon her by her husband and other named persons, to obtain "a conveyance of her property to raise money to pay her husband's debt to one Ed Ellison, as administrator," etc.; that by means of fraud on the part of such persons she had been induced to make and execute to

her husband such deed conveying an interest in her separate property, all of which said property is included in the security deed made to said bank; "that plaintiff had notice of these facts, and could have, by the exercise of proper diligence, learned of such facts;" and that there was no order of the superior court authorizing the exchange of her property with her husband. She prayed that her deed to her husband, and her signature to the note and to the security deed be canceled; and that she be discharged without costs. The court sustained a general demurrer to the answer, and directed a verdict for the plaintiff. Vannie L. Braswell sued out a bill of exceptions, complaining of these two rulings.

No elaboration of the headnotes is necessary.

*Judgment reversed. All the Justices concur.*