GLOVER *v.* SUMMEROUR *et al.,* executrixes.

HINES, J.  1. A sale and conveyance of her land by a married woman to her husband, without being allowed by an order of the superior court of the county of her domicile, is not only voidable but void. Civil Code (1910), § 3009; *Echols* v. *Green,* 140 *Ga.* 678 (79 S. E. 557).

2. Where a deed from a wife to her husband recites a valuable consideration, such deed upon its face is a contract of sale by the wife to the husband. *Martin* v. *White,* 115 *Ga.* 866 (42 S. E. 279); *Shackelford* v. *Orris,* 135 *Ga.* 29 (68 S. E. 838); *Rich* v. *Rich,* 147 *Ga.* 488 (3) (94 S. E. 566).

3. "A wife may give property to her husband, but a gift will not be presumed. The evidence to support it must be clear and unequivocal, and the intention of the parties must be free from doubt." Civil Code (1910), § 3010; *Cain* v. *Ligon,* 71 *Ga.* 692 (51 Am. R. 281); *Brooks* v. *Fowler,* 82 *Ga.* 329 (9 S. E. 1089).

4. If a married woman conveyed land to her husband for the purpose of enabling him to pledge it to a third person as security for a loan by that person to the husband, and this was a mere colorable transaction growing out of a scheme proposed by the lender in order to make her in fact a surety for the husband's debt, although she did not become nominally bound therefor, the transaction was, as to the wife, contrary to law and void. If on the other hand there was no element of suretyship in the transaction, and the wife deliberately conveyed the land to her husband simply to enable him to secure thereby his own debt for money borrowed, she is barred by her deed, if her conveyance was not a sale but in fact a gift. *National Bank of Athens* v. *Carlton,* 96 *Ga.* 469 (23 S. E. 388); *Hawkins* v. *Kimbrell,* 158 *Ga.* 760 (124 S. E. 351).

5. While an agency can not be established by proof of the declarations of the alleged agent, though made dum fervet opus (*Williams* v. *Kelsey,* 6. *Ga.* 365; *Abel* v. *Jarratt,* 100 *Ga.* 732 (28 S. E. 453); *Franklin Lumber Co.* v. *Grady County,* 133 *Ga.* 557 (66 S. E. 264); *Robertson* v. *Byrne,* 147 *Ga.* 329 (93 S. E. 895)), the fact of agency may be established by proof of circumstances, apparent relations, and conduct of the parties; and where the agency is otherwise prima facie proved, declarations of the agent become admissible against the principal. *Jones* v. *Harrell,* 110 *Ga.* 373 (35 S. E. 690); *Cable Co.* v. *Walker,* 127 *Ga.* 65 (56 S. E. 108); *Weiner Brothers Co.* v. *Tucker,* 139 *Ga.* 596 (77 S. E. 811). It follows that the court erred in ruling out declarations of the attorney who acted in this transaction in procuring the loan, preparing the papers, and applying the proceeds of the loan.

6. The issues, whether the conveyance from the wife to the husband was a sale or gift, whether the transaction was a colorable one proposed by the lender to make the wife in fact a surety for the husband, and whether the attorney was the agent of the lender in making the loan,

Agency, 2 C. J. p. 939, n. 43.

Husband and Wife, 30 C. J. p. 694, n. 23 New; p. 706, n. 98; p. 708, n. 35, 41 New; p. 710, n. 81; p. 712, n. 98 New; p. 742, n. 71; p. 1033, n. 8.

33

should, under certain phases of the evidence, have been left to the jury; and the court erred in directing a verdict for the plaintiff. *Hawkins* v. *Kimbrell*, supra; *Braswell* v. *Federal Land Bank*, 165 *Ga.* 123 (139 S. E. 861). *Judgment reversed. All the Justices concur.*

No. 6287. JANUARY 13, 1928.

Equitable petition. Before Judge Wood. Forsyth superior court. September 17, 1927.

*J. P. Brooke*, for plaintiff in error.

*Isaac L. Oakes* and *A. B. Tollison*, contra.