## Ross *v.* Durrence.

ATKINSON, Justice. A married woman executed a promissory note and a deed conveying land as security, which contained a power of sale. Subsequently the grantor instituted suit to enjoin exercise of the power of sale, on the ground that the deed "is absolutely void because it was given to secure the payment of the debts of her husband, which was fully known to the said defendant." It was alleged in the petition that the note and deed were given in renewal of a former note and deed to a firm of which defendant was a member, which was given to pay the debts of the husband. In his answer the defendant denied that the deed was given in renewal or to secure the husband's debt, and alleged

that it was for an original loan of money to plaintiff upon her special request, for the purpose of paying off a former incumbrance executed by plaintiff to a firm of which defendant was a member; that the firm had been since dissolved, and in the dissolution the other member became the sole owner of the deed and note, so that the defendant was "in no wise interested therein, either directly or indirectly." The defendant further, by answer in the nature of a cross-action, sought judgment upon the note, and prayed that it be declared a special lien upon the land. After verdict for the defendant, the plaintiff's motion for a new trial was overruled, and she excepted. *Held:*

1. "A married woman may borrow money for the purpose of paying debts of her husband, and give her note and mortgage therefor, and such a contract will be binding upon her, although the lender may know, at the time the loan is made, that she is borrowing it for this purpose, if he is not the husband's creditor who is to be thus paid, and is no party to any arrangement or scheme between the husband and wife of which the borrowing of the money by her for such purpose is the outcome. *Chastain* v. *Peak,* 111 *Ga.* 889 (36 S. E. 967); *Rood* v. *Wright,* 124 *Ga.* 849 (53 S. E. 390); *Ginsberg* v. *Peoples Bank of Savannah,* 145 *Ga.* 815 (89 S. E. 1086)." *Garrett* v. *Thornton,* 157 *Ga.* 487 (3) (121 S. E. 820); *Saxon* v. *National City Bank of Rome,* 169 *Ga.* 784 (2) (151 S. E. 501); *Skinner* v. *Braswell,* 126 *Ga.* 761 (55 S. E. 914); *Braswell* v. *Federal Land Bank of Columbia,* 165 *Ga.* 123 (3) (139 S. E. 861), and cit.; Code of 1910, § 3007 (Code of 1933, § 53-503).

2. If a firm of copartners enters into an agreement with a husband to advance money to pay debts of the husband to third persons, on condition that the wife execute her note for the amount advanced and a deed conveying her separate estate to secure the note, and in pursuance of this arrangement the wife at the request of the husband executes the note and deed to the firm which advances the money for the purposes stated; and if subsequently to the transaction the firm is dissolved and the note and deed are taken over exclusively by one of the partners individually, who subsequently as transferee places them in the hands of an attorney at law for collection, and the wife thereupon voluntarily requests and obtains from the retired member an original loan upon her note and security deed to her land for the purpose of paying the balance due on the first note, said second note and security deed will be binding upon her.

3. "The fact of agency may be established by proof of circumstances, apparent relations, and the conduct of the parties; and, the fact of agency once established, declarations and admissions of the person whose agency is shown, within the scope of his authority, are admissible in evidence." *Cable Co.* v. *Walker,* 127 *Ga.* 65 (56 S. E. 108); *Glover* v. *Summerour,* 165 *Ga.* 513 (5) (141 S. E. 211). Evidence that the plaintiff personally applied to defendant for a loan and executed her note and security deed therefor in favor of the defendant for the purpose of borrowing money to pay off the prior incumbrance, and that the plaintiff's husband delivered the securities and received the proceeds of the loan and applied them to the purposes for which the wife borrowed the money, was sufficient to authorize the charge to the jury on the subject of agency of

the husband for the wife, as complained of in ground 10 of the motion for new trial.

4. The excerpts from the charge of the court, of which complaint is made in grounds 9, 10, and 11 of the motion for new trial, conform to the principles stated in divisions 1 and 2, supra, and are not erroneous for any reason assigned.

5. Grounds 4 to 8 of the motion for a new trial are merely elaborative of the general grounds.

6. Though conflicting, the evidence was sufficient to authorize the verdict for the defendant, and the judge did not err in overruling the motion for a new trial. When the case was formerly before this court (*Ross v. Durrence*, 173 *Ga.* 457, 160 S. E. 370), there was no conflict of evidence, and the judgment was reversed on the ground that the court erred in directing a verdict for the defendant. On the subsequent trial the defendant introduced evidence contradictory to the plaintiff's evidence, and after instructions by the court the jury returned a verdict for the defendant, thus making the case different from what it was on its first appearance before this court.

*Judgment affirmed. All the Justices concur.*

No. 10477. SEPTEMBER 11, 1935.

*W. T. Burkhalter,* for plaintiff. *C. L. Cowart,* for defendant.