LOVETT *v.* ARNALL MERCHANDISE COMPANY *et al.*

No. 11239. APRIL 16, 1936.

*J. F. Hatchett* and *N. F. Culpepper,* for plaintiff.
*Ellis G. Arnall* and *Atkinson & Allen,* for defendants.

GILBERT, Justice. ■ "A wife may give property to her husband, but a gift will not be presumed. The evidence to support it must be clear and unequivocal, and the intention of the parties must be free from doubt." Code of 1933, § 53-506; *Cain* v. *Ligon,* 71 *Ga.* 692 (51 Am. R. 281) ; *Brooks* v. *Fowler,* 82 *Ga.* 329 (9 S. E. 1089) ; *Glover* v. *Summerour,* 165 *Ga.* 513 (3) (141 S. E. 211).

"The wife is a feme sole as to her separate estate, unless controlled by the settlement. Every restriction upon her power in it must be complied with; but while the wife may contract, she may not bind her separate estate by any contract of suretyship nor by any assumption of the debts of her husband, and any sale of her separate estate, made to a creditor of her husband in extinguishment of his debts, shall be absolutely void." Code of 1933, § 53-503. "If a married woman conveyed land to her husband for the purpose of enabling him to pledge it to a third person as security for a loan by that person to the husband, and this was a mere colorable transaction growing out of a scheme proposed by the lender in order to make her in fact a surety for the husband's debt, although she did not become nominally bound therefor, the transaction was, as to the wife, contrary to law and void. If on the other hand there was no element of suretyship in the transaction, and the wife deliberately conveyed the land to her husband simply to enable him to secure thereby his own debt for money borrowed, she is barred by her deed, if her conveyance was not a sale but in fact a gift." *National Bank of Athens* v. *Carllon,* 96 *Ga.* 469 (23 S. E. 388); *Hawkins* v. *Kimbrell,* 158 *Ga.* 760 (124 S. E. 351); *Glover* v. *Summerour,* supra. See also *Simmons Hardware Co.* v. *Timmons,* 180 *Ga.* 531 (179 S. E. 726); *Ross* v. *Durrence,* 181 *Ga.* 52 (181 S. E. 581); *Ball* v. *Moore,* 181 *Ga.* 146 (182 S. E. 28).

The petition filed in the present case prayed to cancel a deed executed by a married woman to her husband, and a contemporaneous deed executed by the husband to his creditor as security for his debt and a further loan, and to enjoin a suit by the creditor against the husband on the debt, in which suit a judgment in rem against the property in controversy was sought. The ground of the relief prayed was that the deeds were part of a colorable scheme, participated in by the creditor of the husband, whereby the property of the wife should be pledged as security for the husband's debt. There was evidence tending to show that the deeds were prepared by the creditor, after the husband had furnished title papers showing title in the wife; that an agent and an officer of the creditor accompanied the husband for the purpose of obtaining the wife's signature, tendered the deed to her, and on behalf of the creditor received her executed deed and that of the husband. The court should have submitted to the jury the issue whether the

transaction was a mere colorable scheme, participated in by the creditor, to have the wife's property pledged for her husband's debt, or whether the purported deed of gift from the wife was in fact an absolute gift of her property, and not executed merely for a temporary purpose. The court erred in granting a nonsuit. *Hawkins* v. *Kimbrell,* supra; *Braswell* v. *Federal Land Bank,* 165 *Ga.* 123 (139 S. E. 861) ; *Glover* v. *Summerour,* supra.

■ One assignment of error is that the court erred in overruling the petitioner's special demurrer to certain parts of the defendant's answer setting up allegations, in substance, (a) that after the transaction complained of by the wife, her husband, after becoming a bankrupt, made a statement to the defendant that his wife rightfully had no claim to the property in controversy and never had, and that she and he had decided to surrender the property to the defendant; (b) that before the transaction complained of the title had been in the husband, and he conveyed to his wife for a fictitious consideration through fear of being sued on a debt by one not a party to the transaction, and in pursuance of a scheme between him and the wife to protect the property from levy and sale; (c) that after the transaction complained of the husband requested the defendant to grant him and his wife a month's time in which to vacate the property, which request was granted; that the husband further requested that a certain tenant be allowed to remain on the farm, and that the defendant accordingly made such arrangements with the tenant, "all being done under the suggestion, advice, and approval of the said W. B. Lovett [the husband]."

(*a*) The court erred in overruling the special demurrers to that portion of the answer indicated by (a) and (c) above.

(*b*) The court did not err in overruling the special demurrer to that portion of the answer indicated by (b) above, the demurrer failing to point out in what particular respects the allegations were defective. The demurrer should have specified wherein the portion of the answer was not sufficiently full and explicit. *Askew* v. *Thompson,* 129 *Ga.* 325, 328 (58 S. E. 854).

■ Evidence was offered on the issue whether the deed executed by the petitioner, Mrs. Lovett, was a colorable scheme, that is, made to secure the debt of her husband, and participated in by the creditor, or whether it was a bona fide transaction between her and her husband as an absolute gift. The petition states, in para-

graph 3, that "she executed and delivered a deed to her husband, the said W. B. Lovett, defendant as aforesaid, the consideration of said deed being love and affection." The petitioner offered evidence to the effect that she did not sign the deed to her husband. That testimony was properly rejected by the court, on the ground that it was in contradiction of the written instrument and the allegations of her petition.

In the same connection as last mentioned, the petitioner undertook to testify that the deed to her husband, signed by her, was "to secure the indebtedness that Mr. Lovett [her husband] owed H. C. Arnall Merchandise Company [the creditor], and I did that because he [the husband] requested me to do so. I did not give my property to my husband. . . I never did intend that he should receive the same as a gift from me. I signed the paper for the only purpose of securing his debt to H. C. Arnall Merchandise Company." The testimony last quoted was admissible, and it was error to repel it. The consideration of a deed is always open to inquiry (Code of 1933, § 29-101), and under the evidence in this case the question whether or not the transaction was colorable should have been submitted to the jury.

*Judgment reversed. All the Justices concur.*