30373. SHEPHERD *v.* LIFE & CASUALTY INSURANCE COMPANY.

PARKER, J. In an action by a married woman against a life insurance company to recover money paid by her on a loan alleged to have been made by the company solely to her husband, where it appears that the property conveyed to secure the loan was owned solely by the husband, that he procured from the lender a life-insurance policy naming the wife as beneficiary, that the wife assigned to the lender her interest in the policy as further security for the debt, and the husband and wife both testified that the loan was made solely to the husband with full knowledge of the lender's agent, and that the sums sought to be recovered were paid on the debt by the wife from her own funds, and such evidence was in conflict with the defendant's evidence, the issue as to the plaintiff's alleged suretyship should have been submitted to the jury,

and the court erred in directing a verdict for the defendant. See *Carlton* v. *Moultrie Banking Co.*, 170 *Ga.* 185 (152 S. E. 215); *Ross* v. *Durrence*, 173 *Ga.* 457 (160 S. E. 370); *Allmond* v. *Mount Vernon Bank*, 53 *Ga. App.* 565, 567 (186 S. E. 581); *Lovett* v. *Arnall Merchandise Co.*, 182 *Ga.* 356 (185 S. E. 315); *Richardson* v. *C. I. T. Corp.*, 60 *Ga. App.* 780, 793 (5 S. E. 2d, 250).

*Judgment reversed. Sutton, P. J., concurs.*

FELTON, J., dissenting. Charles H. Shepherd owed the Protestant Episcopal Church approximately $1854, secured by a deed to real estate owned by him. He negotiated with the defendant in error for a new loan, the proceeds of which were to be applied to the payment of the existing loan, the expenses of the new loan, and improvements on the property to be deeded by Shepherd as security for the loan. The evidence for the defendant in error was to the effect that the officer informed Mr. Shepherd that his wife would have to sign the papers and that she did so. The loan was made and renewed for reasons not material. The check for repairs was made payable to Mr. and Mrs. Shepherd and endorsed by them. The papers in the case were an application for the loan, signed by Mr. and Mrs. Shepherd; notes signed by Mr. and Mrs. Shepherd; an assignment by Mrs. Shepherd of an insurance policy, issued in connection with the loan in which she was named beneficiary; and a deed to real estate, signed by Mr. Shepherd. The testimony of Mr. and Mrs. Shepherd was that the money was borrowed by Mr. Shepherd alone; that Mrs. Shepherd had nothing to do with it; that the agents of the insurance company stated to Mr. Shepherd that it was necessary for Mrs. Shepherd to assign the insurance policy as security for the loan, and that was what she thought she was doing when she signed the papers tendered to her. Mrs. Shepherd testified that she could read and write, but did not read any of the papers. Mrs. Shepherd did not sign the papers at the time her husband signed them. Mrs. Shepherd paid on the loan certain of her moneys, which she seeks to recover on the ground that she was a surety. "A married woman may borrow money for the purpose of paying debts of her husband, and give her note and mortgage therefor, and such a contract will be binding upon her, although the lender may know, at the time the loan is made, that she is borrowing it for this purpose, if he is not the husband's creditor who is to be thus paid, and is no party to any arrangement or scheme between the husband and wife of which the borrowing of the money by her for such purpose is the outcome. . . A husband and wife may legally enter into a joint contract or undertaking the consideration of which passes to them jointly, and in that event the wife will be bound." *Braswell* v. *Federal Land Bank of Columbia*, 165 *Ga.* 123 (3), (4) (139 S. E. 861), and cit. "Where one who can read signs a contract without apprising himself of its contents, otherwise than by accepting representations made by the opposite party, with whom there exists no fiduciary or confidential relation, he can not defend an action based on it, or have it canceled or reformed, on the ground that it does not contain the contract actually made, unless it should appear that at the time he signed it some such emergency existed as would excuse his failure to read it, or that his failure to read it was brought about by some

misleading artifice or device perpetrated by the opposite party, amounting to actual fraud such as would reasonably prevent him from reading it." *Morrison* v. *Roberts*, 195 *Ga.* 45 (23 S. E. 2d, 164). The evidence shows without dispute that Mrs. Shepherd signed a joint application for the loan, and the notes on their faces are joint obligations. There was no evidence of a scheme or arrangement between the husband and wife, participated in by the lender, whereby the wife was to become surety for the husband's debt. The law does not permit the wife to deny the plain legal import of the instruments she signed unless she can show such a scheme as above described. If it can be said that a scheme by the lender alone would void the wife's obligation, in this case the principle stated would preclude her from asserting the invalidity of the obligation, for the reason that she is bound by the instruments she signed in the absence of emergency or fraud, as mentioned in the above principle, which would excuse her from reading the papers. I am of the opinion that the court correctly directed a verdict for the insurance company.

DECIDED APRIL 15, 1944.

*Burress & Dillard,* for plaintiff.
*Carl B. Copeland,* for defendant.