21738.   HILL v. PERKINS et al.

ARGUED SEPTEMBER 10, 1962—DECIDED OCTOBER 4, 1962.

*Ray Y. Cross*, for plaintiff in error.

*Frank C. Vann*, contra.

ALMAND, Justice. The judgment under review is one overruling a general demurrer to an equitable petition seeking a decree declaring a deed to secure a debt to be satisfied and canceled and for damages in the nature of attorney's fees because of the bad faith and the stubbornly litigious acts of the defendant.

In their petition the plaintiffs, J. R. Perkins and Hayes Shook, alleged that: In March of 1960 the plaintiff, Perkins, and Jack Davis borrowed $5,650 from the defendant, Mrs. Elizabeth B. Hill, and to secure the loan, executed in her favor a deed to secure the debt to a described tract of land. Subsequently, Davis transferred his interest in the property to Shook. In August of 1961 the plaintiffs tendered to the defendant's agent the full amount of the debt which was secured by the deed to the defendant. Such tender was refused because the defendant held a promissory note executed to Charles Hill by Jack Davis which had been assigned to the defendant and unless this note was paid the security deed would not be released since the security deed provided that the deed secured the payment not only of the debt named in the deed, but "any other indebtedness now or hereafter owing" to the defendant. It was alleged that the full amount of the debt was tendered unto the registry of the court. It was alleged that under the provisions of Ga. L. 1958, pp. 655-656, now appearing as *Code Ann.* § 67-1316, which provided "That the operation of 'Open-End' clauses contained in real estate mortgages or deeds conveying realty as security for a debt which clauses provided that such instruments or the property thereby conveyed secured, in addition to the debt therein named or described, any other debt or obligation that may be or become owing by the mortgagor or grantor is limited to other

debts or obligations arising ex contractu (as distinguished from ex delicto) between the original parties to such security instrument," the note of Davis to Charles Hill, transferred to the defendant, was not a part of the debt secured by the security instrument in that the said Charles Hill was not an original party to such instrument. Since the amount tendered covered in full the debt secured by the deed, such security deed should be canceled.

The defendant filed her general demurrer on the grounds (a) the petition failed to set forth a cause of action and (b) the aforesaid act of 1958 was unconstitutional for several reasons which will herein be dealt with.

■ *We first consider the attack on the constitutionality of the act of 1958.*

(a) Of the several grounds attacking the validity of this act, the one most argued is that the act violates the provisions of Art. III, Sec. VII, Par. VIII of the State Constitution (*Code* § 2-1908) which provides that, "No law shall pass which . . . contains matter different from what is expressed in the title thereof." It is argued that the act of 1958 (Ga. L. 1958, p. 655) is invalid in that the title to the act contains the following provision, to wit, "An Act to delimit the effect of 'open-end' clauses appearing in mortgages or deeds conveying realty as security for a debt, which clauses provide that such instrument or property thereby conveyed, secured, in addition to the indebtedness or obligation therein named or described, any other debt or obligation that may be or become owing by the mortgagor or grantor, by limiting the operation of such provisions to obligations arising ex contractu (as distinguished from ex delicto) between the original parties to such security instrument, by providing that as against a subsequent purchaser such security instruments shall not secure an advance made or other debt arising after receipt by the grantee or mortgages of written notice of such subsequent purchase or lien unless made in compliance with mandatory provisions of the security instrument; to repeal laws and parts of laws in conflict herewith; and for other purposes.", and the body of the act does not contain such provisions. The question presented is: Where an act of the

General Assembly is not as broad as the title or does not cover all of the subject matter in the title, is the act rendered void as not complying with the constitutional mandate that "no law shall pass which . . . contains matter different from what is expressed in the title thereof"? There is no question but that the body of the act dealing with open-end clauses in security deeds, limiting the operation of such provisions to obligations arising between the original parties to the instrument, conforms to the title. Whether or not the failure of the legislature to go further and incorporate in the body of the act the provisions of the title of the act as to the giving of notice by a purchaser of the grantors' interest in the secured property to the holder of the security deed, invalidates the act is not a question that has been decided by the reported decisions of the courts of this State. This question has been under review by the courts of other jurisdictions having similar constitutional provisions and the uniform ruling as stated in 82 CJS 371, Statutes, § 219, is as follows: "The mere fact that the title of a statute is broader in terms and scope than the body of the act does not affect its sufficiency under a constitutional provision requiring the subject of an act to be expressed in its title, if the variance is not such as to be misleading." See also State v. Burgdoerfer, 107 Mo. 1 (17 SW 646, 14 LRA 846).

We cannot say that the failure of the General Assembly to incorporate the provisions of the title in the body of the act, as to the giving of notice by the purchaser of the grantors' interests in the property secured by the deed to the holder of the deed, had the effect of irresistibly misleading the members of the General Assembly to vote for the bill. It is fair to assume that the members of the law making body knew before voting what matters were in the body of the act as well as what was in the title of the act.

(b)   It is further asserted that the 1958 act violates Art. I, Sec. I, Par. II of the State Constitution (*Code* § 2-102) which provides that, "Protection to person and property is the paramount duty of government, and shall be impartial and complete," in that it seeks to give a special privilege to mortgagors. Whatever legal remedies holders of security deeds have is by

virtue of statutes and these remedies are subject to legislative control. Once given, they are subject to subsequent change where they do not violate vested rights. None are so violated here.

(c)  It is next asserted that the act violates Art. I, Sec. III, Par. II of the State Constitution (*Code* § 2-302) which provides that the General Assembly shall make no law which grants special privileges or immunities, in that special privileges are granted to mortgagors at the expense of the mortgagees. This contention is wholly without merit.

(d)  It is next contended that the act is so vague, indefinite, and uncertain as to be null, void, and of no effect. There is no merit to this contention. The act clearly discloses that in all mortgages or security deeds containing open-end clauses as to future debts, executed after the passage of the act, such future debts would be limited or confined to debts or obligations arising ex contractu between the original parties to the security deed or mortgage. The purpose and meaning of the words employed are neither vague, indefinite, nor uncertain.

■  In the security deed Perkins and Davis were designated as "party of the first part." The open-end clause provided that the deed was to secure not only the debt stated in the deed but any other debt thereafter owing to the defendant "by party of the first part." Under the ruling in *Cordele Banking Co. v. Powers,* 217 Ga. 616 (124 SE2d 275), involving in substance facts identical to this case, the individual indebtedness of Davis to the defendant is not the debt of the "party of the first part," Perkins and Davis, and does not fall within the open-end clause of the security deed.

There was no error in overruling the general demurrer to the petition.

*Judgment affirmed. All the Justices concur.*