### 48677. CITIZENS & SOUTHERN NATIONAL BANK v. GILBERT.

Stolz, Judge. Plaintiff Gilbert, the owner of an equity of redemption in realty under a foreclosed deed to secure debt, brought an action against the defendant bank, the grantee of an outstanding deed to secure debt (on the same realty) which is senior to the plaintiff's lien, seeking a declaratory judgment to the effect that the defendant lienholder is not entitled to include as part of the indebtedness secured by its senior deed to secure debt (which contains an "open-end" or "dragnet" clause) the indebtedness existing under the personal obligation of the grantor of said senior instrument, created by his contract of guaranty of his corporate indebtedness to the defendant, which guaranty was executed subsequently to both security deeds. After the execution of the guaranty contract, the defendant assigned and transferred its deed to secure debt to another bank. When the plaintiff commenced advertising preparatory to foreclosing his junior lien, the defendant obtained the purchase and retransfer of the original deed to secure debt, which it held, in addition to the contract of guaranty, at the time the plaintiff foreclosed its junior lien.

The defendant appeals from the trial judge's order partially granting the plaintiff's motion for summary judgment and partially denying the defendant's motion for summary judgment (the latter being certified for immediate review), the effect of which was to disallow the defendant to tack onto its original lien the indebtedness created by the contract of guaranty, but to deny

all other relief sought in the complaint. *Held:*

In order for the indebtedness created by the contract of guaranty to be permitted to be tacked onto the original lien, it must come within the category of "other *debts* or *obligations* arising *ex contractu* (as distinguished from ex delicto) between the *original parties* to such security instrument." (Emphasis supplied.) Code Ann. § 67-1316 (Ga. L. 1958, p. 655). The contract of guaranty created a debt or obligation. *First Nat. Bank v. Kunes,* 128 Ga. App. 565, 567 (197 SE2d 446); s. c. 230 Ga. 888 (199 SE2d 776); Pindar, Ga. Real Estate Law and Proc., § 21-29, pp. 793, 794. It arose ex contractu. Although it was a corporate indebtedness the payment of which was thereby guaranteed, the guaranty itself was a personal obligation of the original grantor/mortgagor to the original grantee/mortgagee (the "original parties to such security instrument").

It is immaterial whether or not the parties to the contract of guaranty intended at the time of its execution that it be tacked onto the original lien, since this could be legally done under the provisions of § 67-1316, supra. Nor does the transfer and retransfer of the deed to secure debt subsequent to the execution of the contract of guaranty, adversely affect the defendant's rights. The plaintiff both acquired and foreclosed his deed to secure debt with the knowledge that it was subject to an outstanding prior lien. See *Courson v. Atkinson & Griffin, Inc.,* 230 Ga. 643 (198 SE2d 675). The plaintiff junior lienholder has no grounds to complain of the legal consequences of the fact that it is the original lienholder (the defendant) which now (again) holds the senior lien, rather than the defendant's transferee. The defendant holds it as a lawful transferee which, as an original party to the deed to secure debt, is entitled to the same rights, privileges and rank (including the right to tack on thereto the contract of guaranty) as if it had retained the instrument ever since its execution. See *Bowen v. Kicklighter,* 124 Ga. App. 82 (2a) (183 SE2d 10).

The showing on both motions for summary judgment reveals no genuine issue as to any material fact and that the defendant is entitled to a judgment as a matter of law; therefore, the trial court erred in partially granting the plaintiff's motion for summary judgment and in partially denying the defendant's motion for summary judgment.

*Judgment reversed. Pannell and Clark, JJ., concur. Eberhardt, P. J., disqualified.*

ARGUED OCTOBER 9, 1973 — DECIDED NOVEMBER 1, 1973 — REHEARING DENIED NOVEMBER 9, 1973 —

*Alston, Miller & Gaines, J. Michael Kelly,* for appellant.
*Preston L. Holland,* for appellee.