## 38500. WILLIS et al. v. RABUN COUNTY BANK.

CLARKE, Justice.

Upon reviewing this case on appeal, the Court of Appeals held that the joint and several liability of four individuals in a previous real estate loan activates the "dragnet" clause contained in a subsequent deed to secure debt executed to the same lender by two of the individuals. *Willis v. Rabun County Bank,* 161 Ga. App. 151 (291 SE2d 52) (1982). We granted certiorari and now we affirm.

Willis and Wiley, together with two other individuals, secured a business loan from Rabun County Bank. The promissory note indicated that the money was borrowed by a partnership but provided that each of the partners were jointly and severally liable. Subsequently Willis and Wiley without the involvement of their business partners secured from the same bank a loan which was secured by a deed to secure debt conveying a vacation home and containing an "open end" or "dragnet" clause which reads in part as follows: "This deed also secures any other indebtedness due said Rabun County Bank now existing or hereafter created . . . ."

When Wiley and Willis paid off the loan directly secured by the security deed on the vacation home, the bank refused to cancel the security deed contending that the dragnet clause caused the security deed to stand as additional collateral for the business loan. Suit was brought to cancel the security deed and the trial court granted summary judgment to the bank. The Court of Appeals affirmed.

The Bank contends it is entitled to hold the security deed because of Code Ann. § 67-1316 and its interpretation by this court in *C & S DeKalb Bank v. Hicks,* 232 Ga. 244 (206 SE2d 22) (1974). Section 67-1316 authorizes dragnet clauses but limits their effectiveness to ex contractu debts "between the original parties to such security instrument." In *C & S DeKalb Bank v. Hicks,* supra, a partnership with four partners borrowed from the bank. To secure the loan two of the partners gave a security deed which contained a dragnet clause. Subsequently, a corporation borrowed from the bank and the same four individuals guaranteed the loan. We held that the dragnet clause in the security deed caused it to be included as additional collateral for the guarantees executed by the two parties who had given the security deed.

Willis and Wiley rely upon the holding of this court in *Cordele Banking Co. v. Powers,* 217 Ga. 616 (124 SE2d 275) (1962), which was approved in *Hill v. Perkins,* 218 Ga. 354 (127 SE2d 909) (1962). In those cases, we held that the parties making the security deed with a dragnet clause must be identical with the parties whose obligation activates the clause.

We do not find that a conflict exists between the cases relied upon by the parties to this litigation. In *C & S DeKalb Bank v. Hicks,* supra, the makers of the security deed were two particular individuals. The security deed was held to be operative as to personal guarantees executed by the same two individuals. In *Hill v. Perkins,* supra, the security deed was executed by two persons but the additional debt which the lender claimed to be secured by reason of the dragnet clause was the debt of only one of the individuals. We think it is obvious that an additional debt of one creditor cannot operate as a hook to grab a dragnet which carries with it the property interests of a party other than the creditor in the separate transaction. That is not the case here.

The real question in this case is the meaning of the phrase "original parties" as it appears in Code Ann. § 67-1316. All of the cases cited in this opinion lead to the conclusion that the phrase simply means that a dragnet clause in a security deed limits the operation of the security deed to debts of the parties to the security deed. In this case Willis and Wiley are the grantors of the security deed. Willis and Wiley were also jointly and severally liable for the business loan. They therefore fall within the statutory designation as being original parties and the dragnet clause in the security deed is operative.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 2, 1982.

*Fred J. Stokes,* for appellants.
*John A. Dickerson,* for appellee.