### 66647. SUTTON v. ATLANTIC BANK & TRUST COMPANY, SAVANNAH.

MCMURRAY, Presiding Judge.

Fred M. Sutton brought a declaratory judgment action against The Atlantic Bank and Trust Company, Savannah, Georgia, to determine his priority rights under certain security deeds. Motions for summary judgment were filed by both parties based upon the following uncontradicted sworn evidence. On October 12, 1978, Harry L. Woolley, Jr. and Billy D. Reese executed a loan and promissory note for the amount of $38,700 to the bank to purchase described real property in Chatham County. A deed to secure debt

was delivered to the bank which contained an "open end" provision or "dragnet" clause reciting that the instrument was "given to secure said indebtedness and also any renewal or renewals, extension or extensions of said indebtedness, in whole or in part, that may be allowed by Grantee [the bank], and to secure any future advances that may be made by Grantee to Grantor and any other indebtedness of Grantor to Grantee now existing or that may hereafter exist." The term "Grantor" was specifically defined "to include the singular and the plural . . . and also the heirs, personal representatives, successors and assigns of Grantor."

On January 12, 1979, Woolley borrowed $9,000 from Sutton, signing an unsecured promissory note due in six months. On April 4, 1979, Woolley executed an individual note to the bank for $4,650, which was secured under the dragnet clause of the original deed to secure debt. On June 29, 1979, Reese conveyed his undivided one-half interest in the secured property to Woolley. That same day, which was thirteen days prior to the due date on Sutton's $9,000 note, Woolley conveyed the secured property to Sutton subject to the outstanding deed to secure debt from Woolley and Reese dated October 12, 1978. When Woolley's note to Sutton matured no effort was taken by Sutton to collect this obligation.

On August 3, 1979, Woolley renewed both of the prior notes to the bank by individually executing a consolidated loan for $43,350, which was by its terms expressly secured by the property under the original deed to secure debt. Early in 1980 Woolley defaulted on this loan and foreclosure was noticed and scheduled by the bank for March 4, 1980.

Sutton brought the instant action prior to foreclosure seeking injunctive relief pending a declaration of the amount, validity and priorities of the security interests of the parties. Sutton argues that the individual loan to Woolley from the bank was not properly included under the dragnet clause of the original deed to secure debt; and that after satisfaction of the original indebtedness of Woolley and Reese, the excess proceeds of any foreclosure sale should be applied to the note and deed to secure debt held by him. Sutton also contends that when the bank marked the original note executed by Woolley and Reese paid, in exchange for a new note from Woolley only, it constituted a novation since a debt cannot be secured under a dragnet clause unless the obligation arises by contract between the original parties to the security instrument. The trial court, however, allowed the foreclosure and decided the remaining issues in favor of the bank on motion for summary judgment, thereby effectively dismissing Sutton's claim. Sutton appealed to the Supreme Court of Georgia and the appeal was subsequently transferred to this

court. *Held:*

Under OCGA § 44-14-1 (b) (formerly Code Ann. § 67-1316 (Ga. L. 1958, p. 655; 1978, pp. 1705, 1708; 1980, pp. 1550, 1551; 1980, p. 1765)), the operation of "open-end" clauses is limited to "other debts or obligations arising ex contractu . . . between the original parties to the security instrument." The phrase "original parties," as recently explained by the Supreme Court of Georgia, "simply means that a dragnet clause in a security deed limits the operation of the security deed to debts of the parties to the security deed." *Willis v. Rabun County Bank,* 249 Ga. 493, 494 (291 SE2d 715). Such clauses "continue to be effective so long as there exists indebtedness between the grantor and grantee." *Citizens & Southern DeKalb Bank v. Hicks,* 232 Ga. 244, 246 (206 SE2d 22). It is clear from the language of the deed to secure debt here that "Grantor" included either the plural (Woolley *and* Reese) or the singular (Woolley *or* Reese). Moreover, the uncontradicted affidavits of Woolley and Reese established that all the parties to the contract at all times intended that the later obligations incurred by Woolley alone would be fully secured by the original instrument jointly and severally executed by Woolley and Reese. Therefore, because of the clear intent of the parties that Reese was the only one to relinquish any interest in the property, and the broad definition of "Grantor" in the instrument itself, the authority relied upon by Sutton in support of his claim is inapposite and we find no grounds for reversal.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

Decided September 9, 1983.

*William M. Simon,* for appellant.
*J. Curtis Lewis III,* for appellee.