## 68042. FLEMING v. FIRST AMERICAN BANK & TRUST COMPANY.

BENHAM, Judge.

A deed conveying title to their home was executed by appellant and her husband and was given by them to appellee to secure a loan from appellee to a corporation in which appellant's husband owned an interest. That debt was subsequently assumed by a successor corporation which also borrowed an additional sum of money from appellee. Appellant entered into a hypothecation agreement with appellee, authorizing the second corporation to use the deed to secure debt as collateral. The listed collateral for both loans to the second corporation included the deed to secure debt to appellant's residence. When the loans were not repaid, appellee foreclosed on the property, bidding in at the foreclosure sale for an amount sufficient to pay off the existing first mortgage as well as the loans on which the foreclosure was based and an additional sum for attorney fees. Appellant brought this suit for money damages, contending that appellee had no right to foreclose the security deed. The trial court found, based on a stipulated record, that appellant had knowingly and willingly subjected her property to appellee's lien thereon and that the foreclosure was, therefore, proper. We affirm.

The security deed appellant executed contained a "dragnet" or "open-ended" clause which extended the deed to cover any future indebtedness of the grantor to the grantee. "The operation of 'open-end' clauses contained in real estate mortgages or deeds conveying realty as security for a debt, which clauses provide that, in addition to securing the debt named or described in the instrument, such instruments or the property thereby conveyed shall also secure any other debt or obligation that may be or become owing by the mortgagor or grantor, is limited to other debts or obligations arising ex contractu, as distinguished from those arising ex delicto, between the original parties to the security instrument." OCGA § 44-14-1 (b). See *C & S Nat. Bank v. Gilbert,* 130 Ga. App. 219 (202 SE2d 718) (1973).

Appellant's chief argument is that there was no such identity of parties with regard to the loans to the second corporation and that the dragnet clause of the security deed was, therefore, not effective. The trial court rejected that argument, analogizing the present case to

*C & S DeKalb Bank v. Hicks,* 232 Ga. 244 (206 SE2d 22) (1974). There, it was held that, although the subsequent debt was a corporate debt, a personal guaranty contract by the original grantors of the deed to secure debt brought that debt within the dragnet clause.

Although there was no personal guaranty by appellant in this case, there was the hypothecation agreement between appellant and appellee by which appellant granted the second corporation the power to pledge her property as collateral for loans. On deposition, appellant acknowledged that she intended to make her property subject to satisfaction of the debt from the corporation to appellee. We find that the hypothecation agreement in the present case was analogous to the guaranties in *Hicks* and *Gilbert,* supra. Although appellant had no personal liability on the debt, she obliged herself to permit the use of her interest in the property as collateral. The result is the same as that in *Hicks* and *Gilbert*: the original grantors of the deed to secure debt subjected the property described in that deed to the additional obligation of the second debt.

Accordingly, even though appellant had no debt to appellee, the hypothecation agreement she signed created an obligation from her to appellee sufficient to permit the operation of the dragnet clause in the deed to secure debt. That being so, the property upon which appellee foreclosed was properly subject to the deed to secure debt and appellee was within its rights in exercising the power of sale contained in the security deed.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED JUNE 22, 1984.

*B. Andrew Prince,* for appellant.
*James C. Warnes II,* for appellee.