### 73000. RAINER et al. v. SECURITY BANK & TRUST COMPANY.
(354 SE2d 882)

BENHAM, Judge.

Appellants Rainer, husband and wife, filed suit against appellee bank, alleging the bank had refused to cancel a collateral note, a deed to secure debt, and a hypothecation agreement despite payment in full of the underlying indebtedness. The bank answered and defended its refusal to cancel on the ground that the deed to secure debt and the hypothecation agreement, by means of open-ended clauses, were taken as additional collateral for all present and future debts of Timber Harvesters, Inc., a corporation of which Mr. Rainer was president and sole stockholder, and Mrs. Rainer was secretary. The bank filed a counterclaim, seeking from Mr. Rainer payment of the debts on which Timber Harvesters had defaulted and which he had personally guaranteed. The trial court granted summary judgment to the bank on appellants' claim as well as on the bank's counterclaim, and appellants appeal.

1. The deed to secure debt executed by appellants as grantors contained a "dragnet" or "open-ended" clause which extended the coverage of the deed to any and all present and future indebtedness of the grantors to the grantee/bank. "The operation of 'open-end' clauses contained in real estate mortgages or deeds conveying realty as security for a debt, which clauses provide that, in addition to securing the debt named or described in the instrument, such instruments or the property thereby conveyed shall also secure any other debt or obligation that may be or become owing by the mortgagor or grantor, is limited to other debts or obligations arising ex contractu, as distinguished from those arising ex delicto, between the original parties to the security instrument." OCGA § 44-14-1 (b). "[T]he phrase 'original parties' as it appears in [OCGA § 44-14-1 (b)] . . . means that a dragnet clause in a security deed limits the operation of the security deed to debts of the parties to the security deed." *Willis v. Rabun County Bank*, 249 Ga. 493 (291 SE2d 715) (1982). The question presented is whether such identity of parties exists where appellants and the bank are the parties to the security deed, and the debts are those of Timber Harvesters.

Appellants executed an hypothecation agreement with appellee by which appellants, in consideration of financial accommodations made by the bank in the past or in the future to Timber Harvesters, secured all present and future obligations of Timber Harvesters and

themselves to the bank with the security deed in question. Through the hypothecation agreement, appellants obliged themselves to permit the use of their interest in the property as collateral for all past and future debts owed by Timber Harvesters to appellee. Even if appellee were in some way obligated to use the money received from appellants as payment only on the loan Timber Harvesters received at the time the security deed was given, the dragnet clauses in the security deed and the hypothecation agreement permitted appellee to continue to hold an interest in the pledged real property. *Fleming v. First American Bank &c. Co.*, 171 Ga. App. 295 (319 SE2d 119) (1984). The trial court did not err in granting summary judgment to appellee on appellants' claim to have the security deed cancelled.

2. Mr. Rainer questions whether he can be held responsible on his personal guaranties for a stated amount when appellee has foreclosed on collateral owned by the debtor, Timber Harvesters, but has not yet sold it. The documents signed by Mr. Rainer and upon which appellant bases its counterclaim were entitled "Payment Guaranteed" and contained language unconditionally guaranteeing payment of the promissory notes executed by Timber Harvesters. The signator waived presentment, demand, and notice of dishonor, and authorized suit against himself with or without joining the maker and without first or contemporaneously suing or otherwise seeking to collect from the maker. By signing the guaranties, Mr. Rainer agreed to pay the instrument when due without resort by the holder to any other party. OCGA § 11-3-416 (1); *Hazel v. Tharpe & Brooks*, 159 Ga. App. 415 (3) (283 SE2d 653) (1981). OCGA § 10-7-1, cited by Mr. Rainer, is not applicable. *Mitchell v. Ringson*, 169 Ga. App. 88 (1) (311 SE2d 516) (1983).

*Judgment affirmed. Birdsong, C. J., Deen, P. J., Banke, P. J., Sognier and Pope, JJ., concur. McMurray, P. J., Carley and Beasley, JJ., dissent.*

BEASLEY, Judge, dissenting.

I respectfully dissent.

The suit seeks cancellation of a collateral note and deed to secure debt and hypothecation agreement, plus money damages. A counterclaim was filed against one of the plaintiffs for money damages. The trial court granted summary judgment to the defendant on the plaintiffs' claim as well as summary judgment against the single plaintiff on the counterclaim. The plaintiffs appeal both aspects of the judgment.

Although the counterclaim involves only an action at law, over which this Court has jurisdiction, the complaint seeks equitable relief based on fraud. *Butler v. Durham*, 2 Ga. 413 (1), (4) (1847); *National Bank v. Carlton*, 96 Ga. 469, 473 (3) (23 SE 388) (1895); *King v. King*,

225 Ga. 142 (2), (3) (166 SE2d 347) (1969). Since what amounts to its dismissal is contested on appeal, this Court has no jurisdiction of the appeal, as the Supreme Court of Georgia has appellate jurisdiction of "All equity cases." Ga. Const. 1983, Art. VI, Sec. VI, Par. II (2). Thus it must be transferred to that court. Ga. Const. 1983, Art. VI, Sec. I, Par. VIII.

DECIDED MARCH 17, 1987.

*Joe S. Champion*, for appellants.
*Robert L. Kraselsky*, for appellee.