36326. VIDALIA PRODUCTION CREDIT ASSN. *v.* DURRENCE.

DECIDED SEPTEMBER 21, 1956.

*Alvin L. Layne, Jackson & Graham,* for plaintiff in error.
*J. Max Cheney, John P. Rabun,* contra.

TOWNSEND, J. ■ If this court were able to reach the conclusion either that the trial court did not pass on the merits of the controversy, or that it erroneously passed on the merits of the controversy, it would be necessary only to rule on whether the petition sets out a situation entitling the plaintiff to a declaratory judgment and we would not reach a discussion of the case on its merits. However, one of the demurrers which was sustained by the trial court is as follows: "There is no cause of action set out in and by said petition and under the allegations made the plain-

tiff is not entitled to the relief sought." "A judgment sustaining a general demurrer to a petition, on the ground that the petition sets out no cause of action for the relief sought, is a decision upon the merits of the case. The judgment is res judicata of the cause of action sued on, and bars a subsequent suit between the parties on the same transaction." *Northern Assurance Co., Ltd.* v. *Almand,* 210 *Ga.* 243 (78 S. E. 2d 788). Since the plaintiff was seeking a ruling to the effect that its lien was entitled to priority over a portion of the lien claimed by the defendant, the trial court seems to have adjudicated the case on its merits, and it will be so treated here.

■ The facts alleged in the petition are substantially as follows: Lewis R. McCumber owned certain farm property on which he executed three deeds to secure debt, the first to the Federal Land Bank of Columbia, South Carolina, the second to H. M. Overstreet dated October 7, 1952, and the third to the plaintiff Vidalia Production Credit Association dated December 29, 1954. On September 2, 1955, the defendant D. L. Durrence, Sr., secured a judgment against McCumber in the amount of $1,675.43. On December 8, 1955, Durrence purchased the Overstreet debt and security deed, the transfer reading as follows: "For value received, I, H. M. Overstreet, do hereby transfer, assign and convey to D. L. Durrence, Sr., his heirs and assigns, all my right, title, interest, claim and demand to the within security deed, the debt thereby secured, and the property therein described with all the rights and powers contained in said security deed including the power of sale." This transfer vested in Durrence, the transferee, all the rights, powers and remedies which the grantee of the deed received under that instrument. *Redwine* v. *Frizzell,* 184 *Ga.* 230 (2) (190 S. E. 789); *Gilliard* v. *Johnston & Miller,* 161 *Ga.* 17 (2) (129 S. E. 434); *Hightower* v. *Haddock,* 153 *Ga.* 160 (111 S. E. 413). The deed to secure debt was in favor of "H. M. Overstreet . . . his successors, heirs, executors, administrators and assigns, of the second part" and contained the following clause: "This conveyance is made to secure a debt of $920 under Title 67, Sec. 1301 of the Code of Georgia of 1933, and any other present or future indebtedness or liability of mine to second party." This instrument being in default, Durrence commenced foreclosure proceedings thereon in the amounts of $1,140.37 then

■

due on the assigned Overstreet debt plus the $1,675.43 owing to Durrence on his judgment against McCumber. Vidalia Production Credit Association tendered the sum of $1,140.37 and sought to obtain a cancellation of the senior security deed, which offer Durrence declined to accept. The plaintiff then filed this action seeking a judgment entitling it to cancellation of the deed upon payment of the $1,140.37.

Although there is considerable divergence of opinion in various jurisdictions, an examination of the decided cases of this State dealing with the construction of open-end mortgages and their "drag-net" provisions leads to the conclusion that where a deed to secure debt includes not only the named indebtedness but "any other present or future indebtedness of mine to second party" such provision is comprehensive, certain, and unambiguous, and includes an indebtedness subsequently acquired by purchase. In *Rose City Foods v. Bank of Thomas County*, 207 *Ga.* 477 (62 S. E. 2d 145), the debtor executed two bills of sale to secure debt on certain property and thereafter transferred the property to the holder of the junior bill of sale with an oral agreement that he might at his option redeem it by payment of the debt. After notice of the transfer of title the holder of the senior bill of sale acquired by assignment a debt of the maker to a third person in satisfaction of a debt of such third person to itself, and tacked on this amount to that originally owing, refusing to accept a tender by the holder of the junior bill of sale of less than the entire sum claimed. The court held (page 481): "It is a well-established principle of law in this State that a grantor may convey property, real or personal, for the purpose of securing a present, past, or future indebtedness, this being a matter of private contract; and this court has previously said that courts should always guard with jealous care the rights of private contract, and give to them full effect when it is possible to do so. This is a duty which rests upon principles of the highest importance, for the security and integrity of the business world depends upon it." Such a provision in a deed to secure debt will also include a previous indebtedness owing by the grantor to the grantee not mentioned in the instrument and which is subsequently reduced to judgment. *Decatur Lumber &c. Co. v. Baker*, 210 *Ga.* 184 (78 S. E. 2d 417). Since the grantee has the right to take an assign-

ment of an indebtedness of the maker to a third person and tack it on, and since a transferee of a grantee succeeds to all the rights of the grantee in the instrument, it follows that such transferee, the defendant in this action, has a right to purchase the instrument and under it claim the benefit of all indebtedness owing by the maker to himself, including a debt reduced to judgment prior to his acquisition of the security deed, under a clause covering "any other present or future indebtedness" to the grantee or his assigns.

The contention of counsel for the plaintiff that cases involving open-end instruments to secure debt should be strictly construed against the addition of other indebtedness has been duly considered. The rule recognizing the tacking on of other indebtedness by special provision in the contract has for many years in this State been a thorn in the side of title attorneys and title companies, giving rise to the contention that the holder of a lien junior to an instrument authorizing the tacking on of subsequent indebtedness places the junior lien holder in the unfortunate position of not knowing what obligations and priorities are his. This adversely affects the opportunity of a debtor obtaining junior loans from another than the first lien holder and places him at the mercy of the holder of the first lien where additional credit is necessary. It also places at a disadvantage an investor in junior liens. Nevertheless the principle is well established in this State. Accordingly those who execute security deeds should determine whether or not this provision is contained therein and whether or not it is satisfactory to them. Also those extending credit based on a subsequent instrument should determine whether or not that provision is in the senior instrument. Since the petition sets forth neither a cause of action for declaratory judgment nor a cause of action on any basis, the trial court did not err in sustaining the general demurrer.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*