38953. ALDRIDGE v. GEORGIA RAILROAD BANK
& TRUST COMPANY.
38954. UNIVERSAL UTILITIES, INC. v. GEORGIA
RAILROAD BANK & TRUST COMPANY.

DECIDED SEPTEMBER 5, 1961.

*Leonard S. Counts,* for plaintiffs in error.

*Cumming, Nixon, Eve, Waller & Capers, O. Palmour Hollis,* contra.

NICHOLS, Judge. On November 16, 1960, the defendant in fi. fa. was indebted to the plaintiff in fi. fa. on two notes, one dated March 2, 1960, and one dated September 9, 1960. The plaintiff in fi. fa. on such date held two bills of sale to secure debt from the defendant in fi. fa., one dated March 9, 1958, and one dated March 13, 1959, each covering described property, which secured not only any indebtedness then owing to the bank but also any other indebtedness of the borrower, defendant in fi. fa., to the bank.

On November 16, 1960, the bank filed an affidavit of foreclosure of the two bills of sale to secure debt and a levy was made on a part of the property secured by such bills of sale to secure debt in case number 78971-B, and "On November 28, 1960, F. H. Aldridge, defendant in fi. fa., after the plaintiff in fi. fa. failed to produce the property at the time and place for public sale on this date, paid to the Sheriff of the Municipal Court, City of Augusta, the sum of $2,120.46 in satisfaction of the mortgage fi. fa. in the case of Georgia Railroad Bank and Trust Company v. F. H. Aldridge, filed November 16, 1960, and identified as case number 78971-B in the Municipal Court, City of Augusta. The full amount of the principal was paid to and received by the Georgia Railroad Bank & Trust Company by the Municipal Court, City of Augusta, in satisfaction of mortgage fi. fa. number 78971-B, and the mortgage fi. fa. number 78971-B was marked paid in full November 28, 1960." Also on November 28, 1960, the defendant in fi. fa. executed a bill of sale to the claimant covering the property described in the two bills of sale to secure debt given to the bank and foreclosed on in the first foreclosure proceedings. On the following day, November 29, 1960, the plaintiff in fi. fa. filed the present foreclosure proceeding seeking to foreclose on an item given as security by the bill of sale to secure debt dated March 13, 1959, but not levied on in

the first foreclosure proceeding, to satisfy the obligation of the defendant in fi. fa. dated September 9, 1960. The first foreclosure affidavit stated that the amount owed to the plaintiff in fi. fa. by the defendant in fi. fa. was the amount due under the note dated March 2, 1960.

The evidence showed without dispute that the defendant in fi. fa., at the time the first foreclosure was instituted, owed the plaintiff in fi. fa. $4,646.46 on the two notes and that, as security, the plaintiff in fi. fa. held two bills of sale to secure debt, each of which contained the following proviso, after reciting that it was given as security for the described indebtedness: "And such other and further indebtedness as may in any way be, or which may hereafter become, owing by the borrower to the bank, including any contingent indebtedness as surety, guarantor or indorser—should the borrower fail to pay any of the indebtedness secured hereby, when it shall become due, or be declared due according to the terms of the said note [then the bank may levy on the property and sell the same at public or private sale] out of the proceeds of such sale . . . shall be paid, first the expenses connected therewith . . . second, the amount of principal and interest owed by the borrower to the bank; and the balance, if any shall be paid to the borrower." Such bill of sale to secure debt was not only security for the particular debt incurred by the borrower at the time the instrument was executed but also any other debt, whether made previously, simultaneously, or in the future before all the borrower's debts to the bank had been satisfied. At the time of the first foreclosure, at the time it was instituted, the defendant in fi. fa. owed the plaintiff in fi. fa. $4,646.46 on the two notes, but the plaintiff in fi. fa. elected to foreclose on all the property on the basis that it was claiming only $2,108.96, for the affidavit filed in connection with such foreclosure stated in part: "F. H. Aldridge of said county, it indebted to the Georgia Railroad Bank & Trust Company on security bills of sale hereto annexed, the sum of $2,108.96 principal, said amounts are now due and unpaid."

The plaintiff in fi. fa. did not seek originally to foreclose on only one of the bills of sale to secure debt but sought to foreclose both, both were recorded, and such foreclosure was satis-

fied by the defendant in fi. fa. paying the amount claimed to be due into court, and the plaintiff in fi. fa. received the amount claimed by it to be due. Had the public sale taken place the plaintiff in fi. fa. could not have received any additional sums, because the instrument itself, even if not otherwise provided for by law, expressly stated that any surplus that the property brought would go to the defendant in fi. fa.

"But one suit can be maintained for several breaches of an entire contract, when all of them occurred before the commencement of the plaintiff's action." *Broxton v. Nelson*, 103 Ga. 327 (1) (30 SE 38, 68 ASR 97). While the foreclosures were based on two separate notes, each past due at the time the first foreclosure was instituted, and while two separate civil actions on the notes would lie against the defendant in fi. fa., no authority has been found authorizing a second foreclosure of a bill of sale to secure debt after the first foreclosure has been satisfied. In the cases of *Bank of Forsyth v. Gammage,* 109 Ga. 220 (34 SE 307); and *Collier v. Blake,* 16 Ga. App. 382 (1) (85 SE 354), and similar cases, it has been held that unless an execution, issued upon the foreclosure of a chattel mortgage, be arrested by a counter-affidavit, it is a final process, and after valid sale cannot be attacked. While no "sale" of the property took place in the cases sub judice yet the foreclosure was satisfied in full—the plaintiff in fi. fa. was paid the full amount it claimed. The election to foreclose on both bills of sale was made when the first foreclosure was instituted and not when the levy or sale took place. The first foreclosure stated that the defendant in fi. fa. was indebted on the bills of sale to secure debt in the specified amount, such amount was satisfied and the plaintiff in fi. fa. could not contradict such pleadings on the second foreclosure. See *Broxton v. Nelson,* 103 Ga. 327 (2), supra.

The evidence demanded a finding against the plaintiff in fi. fa. and the trial court erred in overruling the motions for new trial of the defendant in fi. fa. and the claimant.

*Judgments reversed. Carlisle, P. J., and Eberhardt, J., concur.*