39782. REISMAN v. JACOBS et al.

DECIDED NOVEMBER 28, 1962—
REHEARING DENIED DECEMBER 20, 1962.

*Carpenter, Karp & Mathews, A. Tate Conyers,* for plaintiff in error.

*Walter E. Baker, Jr., Harold Kays, Alex McLennan,* contra.

FRANKUM, Judge. This is the second appearance of this case in this court. On the previous appearance here it was held that the petition stated a cause of action to recover out of the proceeds of the sale of realty under the power contained in a senior security deed an amount due on a note secured by a junior security deed which amount was withheld by the holder of the senior security deed for application upon an "unliquidated, uncertain and not . . . reasonably determinable" claim sought to be tacked onto the original indebtedness secured by such senior deed. *Jacobs v. Reisman*, 99 Ga. App. 456 (108 SE2d 754). It was held that the trial judge erred in sustaining the general demurrer to the petition. No special demurrer calling for more specific allegations was filed. Thereafter, when the remittitur had been transmitted to the trial court, both parties moved for a summary judgment submitting with their motions supporting affidavits. The trial court granted a summary judgment to the plaintiff, and the assignment of error here is on that judgment.

Reduced to the simplest terms, the undisputed material facts shown by the record in this case are as follows: On June 19, 1956, Jacobs, the plaintiff, conveyed to H. D. Brazell Construction Company, Inc., by warranty deed a described tract of land, and simultaneously therewith the construction company executed a deed to secure debt to Peachtree Federal Savings & Loan Association securing a loan of $18,000, and a deed to secure debt to Jacobs securing the balance of the purchase price of said property in the amount of $1,975. The deed to Jacobs expressly provided that it was subject to the loan deed to the Association. Thereafter, H. D. Brazell Construction Company, Inc. incurred an indebtedness to Seaboard Lumber & Supply Company for materials furnished for the improvement of this property in an amount of about $6,000, and said indebtedness being in default, Seaboard Lumber & Supply Company filed materialman's liens against the property. In order to secure the discharge of those liens H. D. Brazell Construction Company, Inc., through its president, executed bonds, and the defendant, Reisman, signed as surety thereon. In order to secure himself against loss as a result of having signed as surety on the

bonds, Reisman took a demand note, dated May 28, 1957, from H. D. Brazell Construction Company, Inc. in the amount of $6,000. Thereafter, Reisman paid to Seaboard Lumber & Supply Company the sum of $4,000, procuring thereby the dismissal of two pending suits brought by Seaboard Lumber & Supply Company against H. D. Brazell Construction Company, Inc., and the release of the bonds previously signed by him as surety for H. D. Brazell Construction Company, Inc. In the meantime, on November 21, 1957, Peachtree Federal Savings & Loan Association had transferred the senior security deed executed by H. D. Brazell Construction Company, Inc., together with "all its right, title, interest, powers, and options in, to and under" the same to Reisman.

The deed thus transferred to Reisman contained, among others, the following provisions: "This conveyance is made . . . to secure a debt, evidenced by a note or notes bearing even date herewith, made by the Party of the First Part to the order of the Association, for the principal sum of Eighteen Thousand and No/100 Dollars ($18,000.00), together with any other indebtedness due said Association, now existing or hereafter created. . . The Association may make any future advance or advances to the Party of the First Part, and such advances shall be secured by this deed to secure debt. So long as this deed to secure debt is not canceled by the Association the debt secured hereby may be increased by advances to the Party of the First Part, or reduced by payment in whole or in part, but shall nevertheless remain in full force and effect and shall constitute a first and paramount lien on the property described herein until actually canceled by the Association. It is the purpose of this deed to secure debt to operate as a continuing security deed, and shall secure any indebtedness in favor of the Association created at any time before this instrument is actually canceled." Elsewhere in the instrument H. D. Brazell Construction Company, Inc., the borrower, is referred to as the party of the first part, and Peachtree Federal Savings & Loan Association "hereinafter termed, for convenience of designation, 'Association' ", is referred to as the party of the second part. The deed contains the following additional covenants: "Should

the party of the first part, or the heirs, legal representatives, successors or assigns of the party of the first part, fail to make payment of any taxes, assessments, insurance premiums, or other charges payable by the undersigned, the Association may, at its option, make payment thereof, and any amount so paid, with interest thereon at eight percent per annum, shall be added to and become a part of the principal debt secured by this conveyance without waiver of any rights arising from the breach of the covenants herein, and for such payment with interest as aforesaid the premises hereinbefore described, as well as the said party of the first part—heirs, legal representatives, successors and assigns, shall be bound to the same extent that they are bound for the payment of the indebtedness secured by this deed. . . Wherever herein the words 'party of the first part' or 'party of the second part' are used, the same shall be construed to mean as well the heirs, executors, administrators, successors, representatives and assigns of the same, whether voluntary by act of the parties, or involuntary by operation of law."

In determining the issue made by the assignment of error on the granting of a summary judgment to the plaintiff, it must be kept in mind that the ruling on the previous appearance of this case before this court was plainly and simply a ruling on the sufficiency of the petition to state a cause of action as against a general demurrer. The allegations of the petition with respect to the attempt of the defendant to tack his claim of $4,000 he paid for H. D. Brazell Construction Company, Inc. to the debt secured by the senior security deed, were merely to the effect that the defendant sought to tack on an "unliquidated, uncertain and not . . . reasonably determinable" claim. In considering the issue there presented this court had nothing before it which it could consider except the petition and the demurrer thereto. However, when the case went back to the superior court and the motions for summary judgment were filed with their supporting affidavits and exhibits, the facts which were thereby developed showed quite a different situation from that alleged in the petition.

The deed under which Jacobs claims is expressly made subject

to the deed executed to Peachtree Federal Savings & Loan Association which was transferred by it to Reisman. Under the terms of the transfer Reisman succeeded to all the rights, title, interest and powers held and enjoyed by Peachtree Federal Savings & Loan Association by virtue of the execution of that deed to it by H. D. Brazell Construction Company, Inc. This deed not only by its terms secured all future advances made directly to H. D. Brazell Construction Company, Inc. by the Association, but also secured any sums which the Association might have paid to others by reason of the failure of H. D. Brazell Construction Company, Inc. to make payment of any taxes, assessments, insurance premiums or other charges made against the property conveyed by the deed, which sums the association could pay at its option and add to the principal debt secured by the deed.

Under the terms of this instrument the original grantee could pay any such charges without regard to whether such charges constituted a lien against the property or not. If it paid such charges, it could tack the amount paid to the original debt secured by the deed and be secured in such payments by the senior security deed without more. These provisions of the deed in this case are much broader than the so-called "open end" clauses usually found in such instruments and give to the grantee much broader powers. Jacobs, in accepting the junior security deed which by its terms was expressly subject to the senior security deed under which Reisman now claims, agreed to the terms of the senior deed and holds his instrument subject to all the rights and powers of the holder of the senior deed.

The right to pay off the claim of Seaboard Lumber & Supply Company and be secured for such payment was one of the rights and powers contained in the senior security deed which was transferred to Reisman on November 21, 1957. When he thereafter paid the claim of Seaboard Lumber & Supply Company on account of materials used in improving the property which was the subject matter of the deed, he brought himself directly within the terms of paragraph (B) of the covenants contained in the deed and as assignee thereof was entitled to tack on such sums so paid by him. The facts in this case do

not distinguish it in any material particular from those in *Vidalia Production Credit Assn. v. Durrence*, 94 Ga. App. 368 (2) (94 SE2d 609), and the ruling therein is direct authority for the ruling which we now make. Accordingly, it was error for the judge to enter a summary judgment in favor of the plaintiff which failed to take into account the claim of the defendant that he was entitled to tack to the debt specified in his deed the sum of $4,000 paid by him to Seaboard Lumber & Supply Company for H. D. Brazell Construction Company, Inc., the grantor in the deed to secure debt, and the judgment so entered was unauthorized by the facts appearing in the record. See also *Rose City Foods v. Bank of Thomas County*, 207 Ga. 477 (62 SE2d 145); *Decatur Lumber &c. Co. v. Baker*, 210 Ga. 184 (78 SE2d 417); *Morgan v. Todd*, 214 Ga. 497 (106 SE2d 37).

One of the contentions made by the defendant in error is that Reisman's claim did not become liquidated until February 25, 1958, when he paid the $4,000 to Seaboard Lumber & Supply Company, and that this was subsequent to the time the suit was filed. Assuming, however, that the plaintiff's contention is correct and that Reisman's demand did not become liquidated and ascertained until the money was paid to Seaboard Lumber & Supply Company, it is immaterial that this is so, since such facts were defensive in nature and could have been set up by way of an amendment to the answer in the nature of a plea puis darrein continuance. *Cook v. Georgia Land Co.*, 120 Ga. 1068 (48 SE 378); *Malcom v. Fulton County*, 209 Ga. 392, 397 (5) (73 SE2d 173); *Rowell v. Rowell*, 209 Ga. 572, 574 (3) (74 SE2d 833).

Whether the provisions of the act approved March 25, 1958 (Ga. L. 1958, p. 655), would require a result different from that which we now reach is not before the court, since that act expressly provides that it applies only to instruments executed after its approval. The senior security deed in this case was executed on June 19, 1956, nearly two years before the effective date of that act.

*Judgment reversed. Nichols, P. J., and Jordan, J., concur.*