### 41853. CANTWELL et al. v. FULTON NATIONAL BANK OF ATLANTA.

HALL, Judge. The defendant in a proceeding for the foreclosure of a bill of sale to secure debt covering personal property appeals from a judgment against her affidavit of illegality filed in defense of the foreclosure.

On October 16, 1963, as security for a loan the defendant executed to the plaintiff in the foreclosure proceeding (hereinafter called the Bank) a note and bill of sale to secure debt for $1,331.28. This instrument contained the following provision: "To secure the payment of this note and renewals and extensions thereof and any and all liability, direct or indirect, joint or several, as principal, maker, endorser, surety, guarantor or otherwise of the undersigned to the payee or holder hereof, already existing or which may hereafter arise, and whether due or not due, the maker hereby for value received sells, conveys and assigns to said payee or assigns absolutely and as fully and completely as property may be conveyed under the laws of Georgia as security for a debt, the following described property . . . [a 1959 Oldsmobile]." On August 20, 1964, the defendant executed an

instrument in the identical form covering a 1964 Galaxie, in consideration for a loan from the Bank to Esta A. Wesley. On April 12, 1965, the final installment on the note dated October 16, 1963, was paid. At that time the note dated August 20, 1964, was in default and the Galaxie automobile conveyed as security for the note had been repossessed without court action in accordance with the terms of the contract, and thereafter the Galaxie was sold and the proceeds of sale applied to the indebtedness on the note of August 20, 1964. The Bank then brought this foreclosure proceeding on the security instrument covering the Oldsmobile to recover the balance remaining due on the note dated August 20, 1964, and the defendant filed her affidavit of illegality. *Held:*

The trial court did not err in entering judgment against the affidavit of illegality and ordering the foreclosure to proceed. *Rose City Foods, Inc. v. Bank of Thomas County,* 207 Ga. 477 (62 SE2d 145); *Whitley v. Williams,* 215 Ga. 1 (108 SE2d 864); *Bower v. Certain-Teed Products Corp.,* 216 Ga. 646 (119 SE2d 5); *Vidalia Production Credit Assn. v. Durrence,* 94 Ga. App. 368 (94 SE2d 609).

In *Aldridge v. Georgia R. Bank &c. Co.,* 104 Ga. App. 287 (121 SE2d 704), this court held that a secured creditor could not recover in a second foreclosure proceeding on the same bill of sale to secure debt which the creditor had already foreclosed, along with another bill of sale to secure debt, in a previous proceeding, when the creditor in the first proceeding had made an affidavit specifying the amount due on the instruments then foreclosed upon and recovered the full amount claimed. The opinion in that case stated that the creditor could not in the second proceeding take a contradictory position to recover on the same security an amount in addition to that claimed and recovered in the first foreclosure. The facts in the present case do not show that at the time of the repossession and sale of the property covered by the security instrument dated August 20, 1964, the Bank's action was inconsistent with its present claim. The *Aldridge* case, therefore, does not support the defendant's position.

*Judgment affirmed. Nichols, P. J., and Deen, J., concur.*

Argued March 8, 1966—Decided March 18, 1966.

*Atkins & Atkins, Dorothy D. Atkins,* for appellants.
*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, William
A. Burnham,* for appellee.