27774. COURSON et al. v. ATKINSON & GRIFFIN, INC.

SUBMITTED MAY 15, 1973 — DECIDED MAY 31, 1973.

*Farrar & Farrar, Arthur C. Farrar,* for appellants.
*H. J. Quincey, E. R. Smith, Jr.,* for appellee.

NICHOLS, Justice. Inasmuch as evidence was introduced at the hearing, the defendant's motion to dismiss is treated as a motion for summary judgment. See Ga. L. 1966, pp. 609, 622, as amended (Code Ann. § 81A-112 (b)); *Clark v. Lett & Barron, Inc.,* 227 Ga. 609 (182 SE2d 118).

The real issue presented is whether a deed to secure debt which includes what has been referred to as a dragnet clause is entitled to priority over a warranty deed subsequently executed when the debt sought to be collected was contracted for by the grantor in the deed to secure debt after the warranty deed was executed.

This case is distinguishable on its facts from those exemplified by *Beavers v. LeSueur,* 188 Ga. 393 (3 SE2d 667) and *Jacobs v. Reisman,* 99 Ga. App. 456 (108 SE2d 754), where the later indebtedness was based upon unliquidated claims.

The record and transcript of the hearing before the trial court shows without dispute that at no time after the deed to secure debt was executed on April 10, 1969,was the grantor free from debt to the grantee for farm supplies furnished on a contractual basis. Such contracts are valid. See Ga. L. 1958, p. 655 (Code Ann. § 67-1316). Under decisions exemplified by *Rose City Foods v. Bank of Thomas County,* 207 Ga. 477 (62 SE2d 145); *Decatur Lumber &c. Co. v. Baker,* 210 Ga. 184 (78 SE2d 417); *Vidalia Production Credit Assn. v. Durrence,* 94 Ga. App. 368 (94 SE2d 609), a finding was demanded that the grantee's rights under the deed to secure debt were not cancelled inasmuch as payment of all debts covered by the deed to secure debt had not been made.

The holder of a warranty deed executed after an open-end deed to secure debt has been executed and is outstanding is in the same position as the holder of a junior lien. As to such junior liens, Judge Townsend speaking for the Court of Appeals in *Vidalia Production Credit Assn. v. Durrence,* 94 Ga. App. 368, 371, supra, said: "The rule recognizing the tacking on of other indebtedness by special provision in the contract has for many years in this state been a thorn in the side of title attorneys and title companies, giving rise to the contention that the holder of a lien junior to an instrument authorizing the tacking on of subsequent indebtedness places the junior lien holder in the unfortunate position of not knowing what obligations and priorities are his. This adversely affects the opportunity of a debtor obtaining junior loans from another than the first lien holder and places him at the mercy of the holder of the first lien where additional credit is necessary. It

also places at a disadvantage an investor in junior liens. Nevertheless the principle is well established in this state. Accordingly those who execute security deeds should determine whether or not this provision is contained therein and whether or not it is satisfactory to them. Also those extending credit based on a subsequent instrument should determine whether or not that provision is in the senior instrument."

The rights of the holder of the deed to secure debt were superior to those of the holder of the later executed warranty deed and the judgment of the trial court dismissing the plaintiff's complaint shows no error.

*Judgment affirmed. All the Justices concur.*