## 49150. SOUTHERN MUTUAL INVESTMENT CORPORATION v. THORNTON.

EVANS, Judge.

Carlton E. Dabney, Jr. gave a loan deed on lands in DeKalb County to Southern Mutual Investment Corp. Later, Dabney sold this property to Calvin C. Thornton, without having paid off the above loan. Southern Mutual Investment Corp. then advertised the lands for sale under its power of sale, in order to secure payment of the above loan; and on the day following the first advertisement Southern Mutual Investment Corp. filed a petition for receivership as to Calvin C. Thornton and the aforementioned lands. The advertisement continued and the lands were sold. A receiver was appointed; Thornton appealed to the Supreme Court of Georgia, where his appeal was declared to be moot because the property had been sold and no purpose would be served in ruling on same. *Thornton v. Southern Mutual Inv. Co.,* 231 Ga. 36 (200 SE2d 126).

On April 24, 1973, Southern Mutual brought the present action to confirm the sale, naming Thornton as defendant, and alleged that it had purchased the property for its true market value of $20,000.00, and alleged that this amount was insufficient to pay the indebtedness due. Exhibits attached show that the indebtedness was more than $31,000. Defendant answered, and alleged that no claim was set forth, and set forth certain specific reasons as to the failure to set forth a claim, including those reasons set forth in the trial judge's final order in the case.

The motion to confirm the sale came on for hearing, and defendant's motion to strike and dismiss said motion was sustained for the following reasons: No proper notice of sale had been given to defendant as required by Code § 39-1101, although he was then in possession of the property; plaintiff knew Thornton was the debtor; and that the receiver had not been formally or officially discharged, and had not been served as a party to motion or application to confirm the sale. Plaintiff appeals. *Held:*

1. To conduct a valid sale of real estate under power contained in a deed to secure debt, the sale, "shall be

advertised and conducted at the time and place and in the usual manner of sheriff's sale in the county in which real estate . . . is located." Code Ann. § 67-1506 (Ga. L. 1935, p. 381). No notice beyond that required by law (the advertisement) and the contract is necessary, and there is no denial of due process of law because no hearing is required before sale. *Ruff v. Lee,* 230 Ga. 426 (197 SE2d 376).

2. As there is no plaintiff and no defendant in a sale conducted under power contained in a security deed, it is not necessary to name such parties in the legal advertisement. Nor does the law require the advertisement to name the persons in possession.

The loan deed in this case provided that "all other notice [except advertisement] being hereby waived by grantor," and "all obligations herein imposed on the grantor shall extend to and include grantor's . . . successors and assigns." The term "grantor" as used herein included successors and assigns of Dabney; and of course, the successors and assigns of the grantor included Thornton. The loan deed's sole requirement as to notice was that of advertisement of the sale in the newspaper of the county as provided for in Code § 39-1101. Consequently, as said advertisement was properly and regularly made, no further notice was required.

3. The statute as to confirmation of a sale is in derogation of common law and must be strictly construed and followed. *First National Bank v. Kunes,* 128 Ga. App. 565 (197 SE2d 446).

4. The new Civil Practice Act controls all pleadings and authorizes the addition of new parties, including plaintiff, defendant, or third-party plaintiffs or defendants. Indeed, in Code Ann. § 81A-121 (§ 21, CPA; Ga. L. 1966, pp. 609, 632), other parties may be added on motion of any party or by order of the court of its own initiative at any stage of the action.

Accordingly, if other parties are necessary, such as the receiver, they may be made and served; but this would not authorize dismissal of the application for confirmation of the sale.

5. Whether or not the sale of the realty might have

been affected adversely because same was under a receivership, which might have caused prospective purchasers to question the title to the property, remains for determination by a jury. *Plainville Brick Co. v. Williams,* 170 Ga. 75 (2, 3) (152 SE 85); *Henderson v. Willis,* 160 Ga. 638, 646 (128 SE 807).

6. The court erred in dismissing the petition.

*Judgment reversed. Eberhardt, P. J., and Pannell, J., concur.*

ARGUED MARCH 6, 1974 — DECIDED APRIL 9, 1974 — REHEARING DENIED MAY 10, 1974 —

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, J. Arthur Mozley, Robert W. Beynart,* for appellant.

*Lipshutz, Macey, Zusmann & Sikes, Charles C. Pritchard,* for appellee.