### 28654. CITIZENS & SOUTHERN DeKALB BANK v. HICKS et al.

JORDAN, Justice.

This is an appeal from an order of DeKalb Superior Court enjoining the appellant from proceeding with the foreclosure of certain deeds to secure debt executed by the appellees to appellant.

On November 2, 1970, a partnership known as "D & J Printing Company" executed a note in the amount of $106,599 to the appellant, Citizens & Southern DeKalb Bank. The partnership was composed of Donald Hicks, John Hicks, James Pipkin and Jimmy George. The note was secured by the personal guaranties of the principals and deeds to secure debt executed by John D. Hicks and Donald W. Hicks on the property involved in this litigation.

Subsequent to November 2, 1970, a corporation known as "D & J Litho, Inc." was formed, the sole stockholders of said corporation being the same four individuals who composed the above mentioned partnership. On March 17, 1971, this corporation

executed a note to the appellant Citizens & Southern DeKalb Bank in the amount of $130,029. This note was secured by a security agreement on the equipment, inventory and accounts receivable, the personal guarantees of the principals of the corporation, including John D. Hicks and Donald W. Hicks, and hypothecation agreements in which reference was made to the deeds to secure debt previously executed by appellees.

The deeds to secure debt given by the appellees in November of 1970 contained an "open end" or "dragnet" provision which provided that the deed secured the present indebtedness "together with any and all other indebtedness now owing or which may hereafter be owing by grantor to grantee, however incurred."

On the basis of the pleadings, the stipulation of facts, and the documents referred to herein, the trial court ruled that the "indebtedness created by the corporation operated by its very existence in terminating prior guaranty irrespective of when any subsequent guaranties were issued" and that the parties "intended to extinguish the partnership obligation and substitute the corporate obligation in its place," further holding that "the security deeds were also extinguished and cannot be foreclosed to collect any indebtedness owed by plaintiffs to C & S."

It is from the trial court's order granting the interlocutory injunction against the C & S DeKalb Bank that the bank now appeals. *Held:*

1. The trial court erred in granting the interlocutory injunction.

A similar factual situation existed in the case of *Citizens & Southern Nat. Bank v. Gilbert,* 130 Ga. App. 219 (202 SE2d 718) (cert. den. Mar. 7, 1974). That case held that "In order for the indebtedness created by the contract of guaranty to be permitted to be tacked onto the original lien, it must come within the category of 'other *debts* or *obligations* arising *ex contractu* (as distinguished from ex delicto) between the *original parties* to such security instrument.' (Emphasis supplied.) Code Ann. § 67-1316 (Ga. L. 1958, p. 655). The contract of guaranty created a debt or obligation. *First Nat. Bank v. Kunes,* 128 Ga. App. 565, 567 (197 SE2d 446); s.c. 230 Ga. 888 (199 SE2d 776); Pindar, Ga. Real Estate Law and Proc., §

21-29, pp. 793, 794. It arose ex contractu. Although it was a corporate indebtedness the payment of which was thereby guaranteed, the guaranty itself was a personal obligation of the original grantor. . ."

Open end clauses in deeds to secure debt are valid under Georgia Law if the subsequent indebtedness conforms to the statutory requirements, Code Ann. § 67-1316. The corporate note dated March 17, 1971 was guaranteed by John W. Hicks and Donald W. Hicks by a contract and was between the original grantor and grantee in the deeds to secure debt. Such personal guaranty created a debt or obligation which could be tacked onto the original deed to secure debt. Deeds to secure debt with open end or dragnet clauses continue to be effective so long as there exists indebtedness between the grantor and the grantee. See *Courson v. Atkinson & Griffin*, 230 Ga. 643 (198 SE2d 675). While the petition alleges that the note for which the deeds to secure debt was given was extinguished, apparently when the corporate note was substituted for the partnership note, there is no allegation or proof that appellees were ever free of debt to the appellants. The contrary is clearly indicated by reference in the corporate loan agreement and hypothecation agreement to the existing deeds to secure debt.

The trial court erred in holding that "the indebtedness created by the corporation operated by its very existence in terminating prior guaranty irrespective of when any subsequent guaranties were issued," and in granting the interlocutory injunction against the appellants' attempt to foreclose the respective deeds to secure debt.

*Judgment reversed. All the Justices concur.*

ARGUED FEBRUARY 12, 1974 — DECIDED APRIL 30, 1974 — REHEARING DENIED MAY 21, 1974.

*Alston, Miller & Gaines, William C. Humphreys, Jr.,* for appellant.

*Brent, Castellani & Smith, Robert J. Castellani,* for appellees.