A89A0335. DIXON et al. v. COOK BANKING COMPANY.
(383 SE2d 337)

DEEN, Presiding Judge.

On July 24, 1982, J. M. Dixon and his son, Ferrell Dixon, signed a promissory note in favor of the appellee in the amount of $13,000. As the younger Dixon's indebtedness increased, the father became unwilling to be responsible for any further indebtedness and on January 10, 1983, signed a "Letter of Guaranty" promising to pay $13,000 against his son's credit line or outstanding notes. On September 15,

1986, appellants executed a promissory note in favor of the appellee in the amount of $20,000, which was due on March 14, 1987, and was secured by a deed to secure debt. The security deed contained the following provision: "Said note is a master note and balances outstanding will depend on draws made and payments applied," and it also contained a "future advances" clause securing any other indebtedness then or thereafter becoming due. Three draws were made upon the note.

After Ferrell Dixon filed for bankruptcy in 1987, the bank called upon J. M. to honor his $13,000 guaranty and also sought to recover from him other sums owed by his son. Appellant's house note was also due at this time, and a series of negotiations commenced as to the amount that J. M. Dixon owed appellee. J. M. disputed the amount claimed by the bank and approached another lender. On October 8, 1987, an employee of another bank came to Cook Banking Company with a check to pay off the Dixons' home loan. The bank refused to accept it, and shortly thereafter appellants filed suit charging the bank with abusive litigation, praying for cancellation of their home mortgage, and seeking damages. The bank accepted payment, rendered a satisfied promissory note, and cancelled the appellants' deed to secure debt.

In his order ruling upon the various motions for summary judgment, the trial court found that the Dixons' house loan constituted a "revolving loan account" as defined in OCGA § 44-14-3 (a) (6), and that they had no cause of action against appellee for abusive litigation, unliquidated damages, punitive damages, or attorney fees because they did not give the bank a written demand for cancellation of the deed to secure debt or notice of their desire to cancel the loan arrangement established by their note and deed to secure debt, as required under OCGA § 44-14-3 (b) (1) and *Tedesco v. CDC Fed. Credit Union*, 167 Ga. App. 337 (306 SE2d 397) (1983). The court later considered the stubborn litigiousness claim asserted in Count III of the complaint (for putting appellants to unnecessary trouble and expense in having to file suit to obtain a cancelled deed to secure debt and a satisfied note), and granted summary judgment in favor of the bank. The Dixons appeal.

1. As the only relief appellants prayed for in Count I of their complaint was that their deed to secure debt and promissory note be cancelled and satisfied of record, and appellee did this shortly after suit was filed, the trial court did not err in granting summary judgment as to this count.

2. Under OCGA § 44-14-3 (a) (6), " '[r]evolving loan account' means an arrangement between a lender and a debtor for the creation of debt pursuant to an agreement secured by an instrument and under which: (A) The lender may permit the debtor to create debt

from time to time," the unpaid balances of the principal and various charges are debited to an account, the loan finance charge is computed periodically, the debtor agrees to repay the debt and finance charges in accordance with a written agreement, and the limitation of the amount of the debt is stated on the face of the instrument and is deemed to be written notice of the maximum amount secured by the instrument. Under subsection (b) (1) the debt incurred under a revolving loan account "shall be considered to be 'paid in full' only when the entire indebtedness including accrued finance charges has been paid and the lender or debtor *has notified the other party to the agreement in writing that he wishes to terminate the agreement pursuant to its terms.*" (Emphasis supplied.) The trial court, after examining the document in question, correctly determined that it was a revolving loan account. Appellee's claim that it raised a viable defense to the claim that it wrongly refused to cancel the deed to secure debt and the promissory note was correctly accepted by the trial court because appellants made no showing that they notified appellee in writing that they wished to terminate their line of credit at the time that payment was tendered.

3. As the trial court correctly granted summary judgment in favor of the bank, Counts II and III of appellant's complaint alleging abusive litigation and stubborn litigiousness must fail.

4. We find no error in the trial court's grant of summary judgment in favor of appellee or in requiring the case to proceed to trial on appellee's counterclaim. Appellants have asserted no reasons other than those set forth above as to why the court below erred in requiring the counterclaim to be tried.

*Judgment affirmed. Birdsong, J., concurs. Benham, J., concurs specially.*

BENHAM, Judge, concurring specially.

In Division 3, the majority affirms the grant of summary judgment to appellee on the allegations of abusive litigation and stubborn litigiousness on the ground that summary judgment in favor of appellee was appropriate on Count I of appellants' complaint. However, "a favorable disposition is not always necessary in order to pursue a *Yost* [*v. Torok*, 256 Ga. 92 (344 SE2d 414) (1986)] claim [for abusive litigation]." *Efstathiou v. Saunders*, 189 Ga. App. 470 (3) (376 SE2d 413) (1988). I concur in the affirmance of summary judgment to appellee on the abusive litigation allegation because the allegation is based upon actions of appellee prior to the commencement of the civil proceeding and therefore is not viable under *Yost*. See Division 14. I concur in the judgment only in the affirmance of summary judgment to appellee on the allegation of stubborn litigiousness.

Decided May 31, 1989 —
Rehearing denied June 9, 1989 — 

*Smith & Harrington, Will Ed Smith,* for appellants.
*W. Dennis Mullis,* for appellee.