A10A0493. LAMPKIN et al. v. FIRST COMMUNITY BANK OF TIFTON.

(695 SE2d 726)

DOYLE, Judge.

Michael and Debra Lampkin filed suit against the First Community Bank of Tifton ("Bank"), alleging fraud and seeking to enjoin the Bank from foreclosing the security deed on the Lampkins' property. The trial court granted summary judgment to the Bank, and the Lampkins appeal. We affirm, for reasons that follow.

> In reviewing grants of summary judgment, this [C]ourt conducts a de novo review of the law and the evidence. To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.[1]

So viewed, the record shows that on or about August 11, 2000,

---

[1] (Punctuation and footnote omitted.) *Solomon v. Norwest Mtg. Corp.*, 245 Ga. App. 875 (1) (538 SE2d 783) (2000).

Walter Walker, Jr., executed a security deed, entitled "REAL ESTATE DEED TO SECURE DEBT (With Future Advance Clause)," to the First Community Bank of Tifton, conveying property in Fitzgerald, Georgia, to the Bank. The deed listed the secured debt as, inter alia, (1) a promissory note in the amount of $12,803; (2) "[a]ll future advances from [the Bank] to [Walker] or other future obligations of [Walker] to [the Bank] under any promissory note, contract, guaranty, or other evidence of debt existing now or executed after this Security Deed . . ."; and (3) "[a]ll obligations [Walker] owes to [the Bank], which now exist or may later arise. . . ."

On or about September 26, 2000, Walker deeded the Fitzgerald property to the Lampkins via a warranty deed, which contained a clause noting that the deed was subject

> to that certain deed to secure debt from Walter Walker, Jr., to First Community Bank of Tifton, dated August 30, 2000,[2] recorded in Deed Book *461*, pages *34-40*, Deed Records of Ben Hill County, Georgia, and the parties of the second part by their acceptance of this deed agree to pay the indebtedness secured thereby as the same becomes due.

In November 2007, the Lampkins learned for the first time that the Bank was threatening to foreclose on the Fitzgerald property. Thereafter, the Lampkins' attorney wrote to the Bank stating that in consideration for Walker's conveyance of the Fitzgerald property to the Lampkins, they

> assumed the balance of the indebtedness, which I understand to be payable at the rate of $185.00 per month[,] and the Lampkins further assert that all payments are current and are being timely made and accepted by your bank.[3]

> The Lampkins desire to [pay off] the balance of this loan in full[,] and I am therefore requesting that your bank furnish us with a payoff of the promissory note referred to in this Deed to Secure Debt, which has an original principal amount of $12,803.00, and together with a daily accrual.[4]

---

[2] Neither the parties nor the trial court addressed the discrepancy between the August *11*, 2000 date of the security deed from Walker to the Bank and the warranty deed from Walker to the Lampkins, which notes that the deed is subject to the August *30*, 2000 security deed. Thus, we do not address the discrepancy on appeal.

[3] The Bank concedes that the Lampkins made timely payments under the promissory note.

[4] According to the Lampkins, the Bank never responded to the November 2007 letter from their attorney.

After the Bank published notice of its intent to foreclose the security deed on the Fitzgerald property, the Lampkins filed a complaint on June 2, 2008, asserting a fraud claim and seeking to enjoin the Bank from foreclosing the security deed. The Bank foreclosed and sold the property on June 3, 2008;[5] the Bank was the highest bidder, purchasing the property for $25,906.49. Prior to the foreclosure, Walker was indebted to the Bank for more than $203,000.[6] The Bank used various methods to collect the indebtedness from Walker, including foreclosure on various properties that he owned. The Lampkins allege that they never received any notice from the Bank that Walker was indebted to the Bank in an amount in excess of the $12,803 promissory note, and the Bank does not dispute this assertion. As of September 11, 2008, following the various foreclosures, Walker owed the Bank $198,176.66.

On appeal, the Lampkins argue that the trial court erred by granting summary judgment to the Bank. We disagree.

The Bank relies upon a Supreme Court of Georgia case, *Commercial Bank v. Readd*.[7] In that case, the Readds purchased property from J. L. Bowen that he previously used to secure debt to Commercial Bank with a security deed that "contained an 'open-end' clause securing 'any other present or future indebtedness or liability' of Bowen to the bank."[8] The warranty deed from Bowen to the plaintiffs specifically stated that it was given subject to the security deed from Bowen to the bank. After the plaintiffs made all payments due on Bowen's note to the bank under the security deed, they filed suit to enjoin the bank from foreclosing on the security deed to satisfy additional loans that Bowen took out and failed to pay.[9] The trial court granted a temporary injunction, and the Supreme Court reversed, rejecting the Readds' estoppel argument and their argument that they were unaware of Bowen's subsequent loans, concluding that "[t]here is no ambiguity in the warranty deed wherein the Readds assumed the indebtedness secured by the deed to secure debt from Bowen to the Bank, and there is no ambiguity in the 'open-end' clause of the deed to secure debt."[10]

Notwithstanding the Lampkins' assertions to the contrary, *Readd* is factually indistinguishable from the instant case. In both

---

[5] It does not appear that the Lampkins requested a hearing prior to the scheduled foreclosure date, and the trial court did not enter an order enjoining the foreclosure sale.

[6] It is not clear whether Walker's indebtedness to the Bank in excess of that under the promissory note arose before or after he deeded the Fitzgerald property to the Lampkins.

[7] 240 Ga. 519, 519-521 (242 SE2d 25) (1978).

[8] Id. at 519-520.

[9] See id. at 520.

[10] Id. at 521.

cases, the plaintiffs clearly assumed the indebtedness of the grantor secured by an unambiguous "open-end" security deed.

We reject the Lampkins' argument that the Bank is estopped to claim an indebtedness in excess of that accrued under the promissory note because the Bank failed to respond to their request for a payoff amount. First, the letter from the Lampkins' attorney to the Bank requested a payoff amount under the promissory note only; it did not inquire as to any additional indebtedness from Walker to the Bank. In any event, as the Supreme Court held in *Readd*, the plaintiffs' "lack of knowledge of the subsequent loans would have no legal effect on their assumed obligation."[11]

The trial court did not err in granting summary judgment to the Bank.

*Judgment affirmed. Miller, C. J., and Johnson, J., concur.*

DECIDED MAY 27, 2010.

*Mills & Larkey, Ben B. Mills, Jr.*, for appellants.
*Sims, Fleming & Benson, Herbert W. Benson*, for appellee.